**Loyd Dean WOODARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43440.**

Court of Criminal Appeals of Texas.

Feb. 17, 1971.

H. Edward Johnson, Fort Worth (Court-appointed on appeal), for appellant.

Frank Coffey, Dist. Atty., Truman Power, Jack Q. Neal and John Garrett Hill,

Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The punishment was assessed by the jury at life.

The record reflects that appellant shot and killed his fifteen-month-old son with a rifle. Shirley Woodard, his wife, was sitting in an automobile and holding the baby at the time of the shooting. One shot hit her in the neck, but she lived.

The couple had been having marital difficulties and were separated.

Shirley Woodard testified that the first shot hit her and the second hit her baby and that she then saw appellant run with the gun. She also testified about prior difficulties and that appellant had threatened to shoot her with a pistol a short time before the homicide.

James Carey testified that when the appellant fired the last shot he started running.

■ Appellant's first ground of error complains of the trial court's dismissal for cause of all prospective jurors who testified that under no set of circumstances could they consider or assess the death penalty. It is contended that a jury qualified for the death penalty is one which is more apt to convict, and therefore appellant was denied his constitutional right of due process.

No evidence to support this claim was introduced.

The same question was presented to the Supreme Court of the United States in Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797. There the Court held:

"We cannot accept that contention in the present case. The petitioner adduced no evidence to support the claim that a jury selected as this was is necessarily 'prosecution prone,' * * *. Accordingly, we decline to reverse the judgment of conviction upon this basis."

We also decline to reverse the conviction upon this basis. See Parks v. State, Tex.Cr.App., 437 S.W.2d 554. The first ground of error is overruled.

■ In the second and third grounds of error complaint is made that the court excluded testimony of Mary Lee Woodard, an aunt of the appellant, that someone other than appellant had admitted committing the offense. The court refused to allow this testimony.

Mary Lee Woodard testified in the absence of the jury that following the offense she went to the police station with the aunt of appellant's wife and two brothers known as the Carey boys, and that while she was there, one of the Carey boys admitted to her that he had done the shooting. The witness testified that she did not know the name of the boy who made this admission to her but that she had seen him at the trial and could point him out and identify him. Appellant's counsel then sought to have the Carey boys brought into the courtroom so that the witness could identify the one that had made the statement to her. This the court refused to allow.

The appellant's argument that such testimony was admissible as an exception to the hearsay rule was answered by this Court in Ballew v. State, 139 Tex.Cr.R. 636, 141 S.W.2d 654, which is applicable because several eyewitnesses testified and identified appellant as the guilty party. In Ballew v. State, supra, the Court stated:

"It seems to be the rule in this State that when the State relies upon circumstantial evidence alone to establish the guilt of the accused, the declarations of a third party admitting that he committed

the offense are a proper matter of proof. * * * But the record in this case, in our opinion, does not bring the proffered testimony within the rule announced. In the case at bar, the State did not seek to establish the appellant's guilt by circumstances but by eye-witnesses."

Since the testimony was inadmissible, the fact that the court refused to allow the in-court identification creates a moot question. The second and third grounds of error are overruled.

In his fourth ground of error, appellant complains that the trial court erred in sustaining an objection by the State to a question asked during the cross-examination of James Carey. He was asked if he was about to be seated in the automobile next to appellant's wife just prior to the shooting.

Carey had previously testified that at the time the shots were fired he was getting in the automobile and had one foot in the door and one on the ground. He testified that he was going to drive and appellant's wife and his father were to sit in the front seat with him. Two other witnesses had testified that appellant's wife was in the front seat and Carey was to drive. The question was objected to as being repetitious. It appears that this testimony was before the jury by this witness, as well as the others. The answer would have added nothing in favor of appellant. No harm or error has been shown. The fourth ground of error is overruled.

In his final ground of error appellant contends that it was error for the State's counsel to ask the appellant, while on the stand in his own defense, whether appellant had refused to sign anything until he had talked to his lawyer.

The appellant testified that he did not do the shooting, and that when he heard over the police radio that the police were looking for him, he went to the station "to give myself up."

On cross-examination the following transpired:

"Q. (By assistant district attorney) And you refused to sign any papers at that time until you talked to your lawyer, didn't you?

"MR. HARDIN: Just a minute. If the Court please, we certainly object to that.

"THE COURT: I'll sustain the objection.

"MR. HARDIN: We ask the Court to instruct this jury not to consider that question.

"THE COURT: Ladies and Gentlemen, you will not consider the last question for any purpose."

No motion for mistrial was made at the time.

In Mitchell v. State, Tex.Cr.App., 455 S.W.2d 266, it was noted that this Court rarely reverses a conviction solely because an improper question was asked.

An error in asking an improper question may be generally rendered harmless by an instruction to disregard it except in extreme cases where the question is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. See Mirowitz v. State, Tex.Cr.App., 449 S.W.2d 475.

The question, although it should not have been asked, in view of the record does not call for a reversal.

The judgment is affirmed.