Van Edward CHILDRESS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43670.

Court of Criminal Appeals of Texas.

April 20, 1971.

Howard B. Law, Donald R. Scoggins, Dallas (on appeal only) for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr. and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery. The punishment was assessed by the court at twelve years.

The sole complaint is that the evidence is insufficient to show that appellant acted as a principal in the robbery.

The evidence, viewed in the light most favorable to support the jury's verdict of guilty, shows that on the night of October 11, 1968, Paul Spain, who was alleged in the indictment to be the injured party, was robbed of $8.00. Spain and his date, Joan Adams, had accompanied two friends, Bill and Lana Patterson, on a trip to downtown Dallas to observe the Texas-OU football weekend festivities. The four of them arrived at a vacant parking lot at approximately 9:30 p. m., left the car, and walked about four blocks to the main streets of downtown Dallas.

The two couples returned to their car at approximately 11:00 p. m. As they approached the Patterson car, they observed the door to the car slightly ajar and someone (later identified as the appellant) inside. Patterson proceeded slightly ahead of the others and asked the appellant what he wanted. The appellant got out and began hitting Patterson and asked for his wallet. At about the same time another person got out of a car parked next to the Patterson car and came toward Spain demanding that Spain give him his wallet. Spain handed it to the second man who removed $8.00 and, upon Spain's request, returned the wallet.

The appellant and the man who had taken Spain's money then fled in the car which had been parked next to Patterson's. It was then discovered that Miss Adams had missing from her purse, which had been left in the car, two payroll checks totaling more than $100.00.

Spain got the license number of the fleeing car and the incident was immediately reported to the police. A license plate check revealed that the fleeing car belonged to appellant's father. Appellant was later arrested and at the trial was identified by both Spain and Miss Adams as the party that had fought with Patterson.

Appellant contends that the evidence fails to show that he in any way aided by acts or encouraged by words or gestures in the alleged robbery of Spain or that he assisted in aiding the party that did, and that the evidence thus failed to show that appellant acted as a principal.

 Appellant correctly asserts that mere presence at the place of the commission of the offense will not constitute one a principal. However, presence is a circumstance tending to prove that a person is a principal, and taken with other facts, may be sufficient to show that he was a participant. Everett v. State, 153 Tex.Cr. R. 79, 216 S.W.2d 281; Taylor v. State, 77 Tex.Cr.R. 376, 179 S.W. 113. See also Ibarra v. State, Tex.Cr.App., 444 S.W.2d 926.

We hold that the evidence was sufficient for the jury to conclude that appellant acted as a principal in the robbery of Spain.

The judgment is affirmed.