**Loyd Dean WOODARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44072.**

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

L. Clifford Davis, Fort Worth, (court appointed on appeal), for appellant.

Frank Coffey, Dist. Atty., Grant Liser, William A. Knapp and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an assault to murder with malice conviction where the punishment was assessed by the jury at 25 years.

This appellant's conviction for the murder of his 15 month old son was affirmed in 463 S.W.2d 197. The alleged offense here involved grew out of the same transaction.

The record reflects that on March 26, 1969, the appellant fired two shots at his wife, Shirley Ann Woodard, while she was sitting in a parked car. One shot killed the son, Kenneth Woodard, who was sitting in his mother's lap. The other shot struck appellant's wife in the neck, seriously wounding her.

Several eye witnesses identified appellant as the man who ran from the scene after the shootings. One witness testified she was able to see a rifle in appellant's hand as he fled.

Testifying in his own behalf, appellant denied shooting his wife and claimed he was with relatives all evening. He offered five other witnesses to corroborate his alibi.

The jury by their verdict rejected such defense.

In his first ground of error appellant urges the trial court erred in admitting evidence of an extraneous offense.

On cross-examination, without objection, the appellant denied that he attempted to burn down the house where his wife was spending the night three days before the alleged offense.

As a rebuttal witness for the State, Shirley Woodard testified that on March 23, 1969, the appellant poured gasoline on the porch of her grandmother's house where she was staying and ignited it after she refused to comply with his demand that she come out.

Her story was corroborated by Nathaniel Stevens who was also staying at the house in question on March 23. Stevens also re-

lated that the appellant shot at him when he came out of the house after the fire started.

In 23 Tex.Jur.2d, Evidence, Sec. 195, p. 300, it is written:

"Evidence of the commission of other crimes by the accused is admissible as part of the res gestae or to show identity of person or crime, intent, motive, scienter, system and malice. Evidence of other crimes is also admissible to discredit the accused when he testifies in his own behalf, or to show his failure to have reformed, or to controvert a defensive theory advanced by him. * * * "

The issue of identity was raised by appellant's denial of the offense and his defense of alibi. The extraneous offense would thus appear to be admissible on the issue of identity as well as to rebut the defensive theory. See Owens v. State, Tex. Cr.App., 450 S.W.2d 324; Parks v. State, Tex.Cr.App., 437 S.W.2d 554. It would further appear to be admissible on the issues of intent and malice. See also Article 1257a, Vernon's Ann.P.C.

■ Next, appellant complains of the admission into evidence of the killing of the 15 month old son, claiming that it was a distinct and separate offense from the offense for which he was being tried.

In 4 Branch's Ann.P.C., 2d ed., Sec. 2255, p. 618, it is written that "[w]here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper." See also 23 Tex.Jur.2d, Sec. 196, p. 302; Taylor v. State, Tex.Cr.App., 420 S.W.2d 601; Smallwood v. State, Tex.Cr.App., 464 S.W.2d 846; Dunlap v. State, Tex.Cr.App., 462 S.W.2d 591.

■ Lastly, appellant contends the trial court erred in admitting testimony of Dr. James Welch as to medical records made by other persons about which he had no personal knowledge.

Dr. Welch, who practiced at the John Peter Smith Hospital, testified that on the morning following the alleged offense and after the complaining witness had been operated upon for her injury he had made an examination of her. He related that she had suffered a gunshot wound and would have died as a result thereof if she had not received medical attention. Although he had made some of the entries on the hospital records of the complaining witness, he had not made all of them. Over objection he was permitted to read from the record what time the injured party had been received at the hospital and to read from an entry made by another doctor briefly describing the injured party's condition at the time and reflecting the fact of a gunshot wound to the neck. No fact of treatment or care was mentioned. The doctor admitted he was not the custodian of the hospital records.

The complaining witness already had testified, without objection, that she had been shot on the right side of her neck, had gone to the hospital and had undergone surgery.

While the custodian of the hospital records should have been called and the proper predicate laid before the doctor should have been allowed to read entries made by other persons, we fail to perceive reversible error in the absence of a showing of harm to the accused, particularly in light of the circumstances presented.

The judgment is affirmed.