**Ray Wayne HARPER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44567.**

Court of Criminal Appeals of Texas.

Feb. 9, 1972.

Rehearing Denied March 22, 1972.

**32**

James H. Martin, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of robbery with firearms. The punishment was assessed by the jury at fifteen years.

■ Appellant's sole contention is that the evidence is insufficient to constitute him as a principal to the offense.

The evidence, viewed in the light most favorable to support the verdict, shows that on October 19, 1969, a tall dark man pointed a pistol at Lizzie Mae Connor, while she was working as cashier of the Quik-Way Grocery on Haskell Avenue, in Dallas, and after telling Mrs. Connor to open the register, took $100 from same, backed away and left the premises.

Witness Till, a butcher at the store when the robbery took place, testified that he was visiting with Rev. Tiller at the meat counter, when he saw appellant standing by the beer cooler staring at him. Till noticed a number of people at the checkout stand and left his meat counter to help Mrs. Connor, when he saw appellant standing beyond the checking stand with a pistol in his hand and according to the witness, "The next thing I knew, he (appellant) fired a shot over my head." Till testified appellant ran out the door after firing the shot with a taller man leaving ahead of him. Rev. Tiller identified appellant as the man standing by the beer cooler watching Till, and he testified that he thought the appellant must have been an enemy of Till the way he watched him. He identified the appellant as the person who fired the shot at Till. Witnesses Till and Tiller both testified that they learned there had been a robbery shortly after the shot was fired. Mrs. Connor testified that about the time the man who had robbed her started backing out of the door, the shot was fired, and she fell to the floor and saw nothing else.

Appellant testified, in his own behalf, that he was in Huntsville to see the Prison Rodeo on the date of the offense. The court instructed the jury on the defense of alibi.

■ Mere presence alone at the place of the commission of the offense will not constitute one a principal. However, presence is a circumstance tending to prove that a person is a principal, and taken with other facts, may be sufficient to show that he was a participant. Childress v. State, Tex.Cr.App., 465 S.W.2d 947; Johnnene v. State, Tex.Cr.App., 417 S.W.2d 64.

The court charged on the law of principals and we find the evidence sufficient to sustain the jury's verdict. Hill v. State, Tex.Cr.App., 466 S.W.2d 791; Gerzin v. State, Tex.Cr.App., 447 S.W.2d 925; McLaughlin v. State, Tex.Cr.App., 426 S.W.2d 244.

The judgment is affirmed.

Opinion Approved by the Court.

MORRISON, J., not participating.