Jesse **TORRES**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45859.

Court of Criminal Appeals of Texas.

March 14, 1973.

Charles L. Caperton, Dallas, for appellant on appeal only.

Henry Wade, Dist. Atty., and Michael P. Gibson, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for burglary with intent to commit theft; the punishment enhanced by proof of two prior nonfelony convictions, life imprisonment.

The appellant urges that the evidence is insufficient to support the conviction.

Patrolman Newsome, of the Richardson Police Department, received a radio message at about 2:00 a. m. that a silent burglar alarm indicated a burglary in progress at the Kent Shop in the Promenade Shopping Center. He approached that location with his lights off. About fifteen seconds after he stopped he observed a man inside the shop walking away from the windows. He then saw a man on the outside walk from around the building up near the window. At about that time the man saw the officer, turned and ran. The man that ran was stocky, of dark complexion, with dark hair and was wearing a red shirt. Newsome transmitted a message on the radio to other officers on the way to the scene that the suspect had fled toward the south in the shopping center. Newsome stayed by the Kent Shop where a window pane, about eighteen by twenty-four inches in size, had been broken out.

Officer Pool received the radio message concerning the man of dark complexion wearing the red shirt, who was later shown to be the appellant. While driving in the shopping center, he saw the appellant run in front of his patrol car and crouch in front of a pick-up truck. The truck was parked in a concealed place behind some air conditioning equipment about fifty or sixty yards from the Kent Shop. The appellant was placed in the patrol car and taken back to the Kent Shop.

The owner of the Kent Shop and other officers arrived at the shop before Pool. They entered the shop and found two burglars in the building hiding under piles of clothing.

When Newsome came out of the Kent Shop he observed the appellant sitting in Pool's patrol car and identified him as the man he had seen running from near the shop at the earlier time.

About sixty suits of clothing were found piled outside of the shop approximately fifteen yards from the south wall of the building. Near the broken window on the inside of the shop was a large box containing other clothing. The clothing outside and that near the window had a retail value of approximately eleven thousand dollars.

The defense offered the testimony of Armando Reyes, who was one of the men arrested inside of the shop. He had entered a plea of guilty to the offense of burglary and had been granted probation. His testimony, offered in an attempt to exculpate the appellant, was not believed by the jury. See Washington v. State, 442 S. W.2d 395 (Tex.Cr.App.1969). It did estab-

lish, however, the fact that the appellant had come to the scene of the burglary with those found inside the shop and further established that the pick-up truck belonged to the appellant.

The owner of the Kent Shop testified that he did not give permission for the breaking and entering of the building.

At the punishment stage of the proceedings, the State offered proof of the prior convictions alleged for enhancement purposes.

This case was submitted to the jury on the theory that the appellant was a principal.

 The appellant is correct in his argument that mere presence at the scene of the offense is not sufficient to make one a principal. Presence, however, is a circumstance tending to prove that a person is a principal and taken with other facts may be sufficient to show that he was a participant. Childress v. State, 465 S.W.2d 947 (Tex.Cr.App.1971).

We hold that the evidence in this case is sufficient to support the conviction. See and compare Washington v. State, supra, and Westfall v. State, 375 S.W.2d 911 (Tex.Cr.App.1964).

The only other ground of error asserted is that "the prosecution committed reversible error in introducing inculpatory statements allegedly made by a co-indictee of appellant. As said statements were hearsay, said statements did not constitute res gestae and said statements were not made by the co-indictee in furtherance of an alleged conspiracy."

Lt. Kush, one of the officers who had arrested the two burglars inside the store, testified that immediately after they were arrested, one of them indicated that another person was involved. Within a matter of moments, the men were taken from the store, and one of them indicated that the appellant, who was sitting in the patrol car, was the one who was implicated with them. This ground of error directs our attention to several places in the record. When a part of the above testimony was offered, it appears no objection was made. If, however, we consider that there was a timely objection in each instance, nothing is preserved for review because the appellant's objection was sustained and he did not make a further request that the jury be instructed to disregard this testimony, and no motion for a mistrial was made. The appellant must obtain an adverse ruling of the court before a matter is preserved for review. Burks v. State, 432 S.W.2d 925 (Tex.Cr.App.1968); Evans v. State, 477 S.W.2d 555 (Tex.Cr.App.1972) and Dunlap v. State, 477 S.W. 2d 605 (Tex.Cr.App.1971).

The judgment is affirmed.

Opinion approved by the Court.