**Verdell CLAY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Herbert MARTIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Robert KNOX, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 47603–47605.**

Court of Criminal Appeals of Texas.

March 6, 1974.

E. Brice Cunningham, L. A. Bedford, Jr., Dallas, for appellants.

Curtis L. Owen, Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The convictions are for murder; the punishment in each case, imprisonment for ninety-nine years.

Appellants raise thirty grounds of error, some of which have been grouped together for purposes of discussion.

In two grounds of error it is said the evidence is insufficient to show the appellants were acting as principals and insufficient to sustain the convictions. The victim, Van Louis Lyles, was working at Roadway Express Motor Freight terminal in Tyler on the afternoon of July 8, 1971. Lyles was on the truck loading docks with another truck driver, Jerry Gilbert, when he saw several men running toward the loading platform. Gilbert testified that Lyles said "There they come," and began running toward a door leading into the building. Gilbert turned and saw three men, one running from the East toward the deceased and two running at him from the South. Gilbert identified the appellant Knox as the one coming from the East firing a pistol toward Lyles as he ran. Gilbert saw the appellant Martin jump up onto the dock with a gun in his hand after Knox had done so, and follow Lyles and Knox into a foyer inside the building. The third man, whom Gilbert identified as appellant Clay, remained out in the Roadway Express yard. Shortly thereafter, Gilbert saw all three men run across the parking lot. They proceeded together, sometimes walking, sometimes running, over the crest of a hill in the distance and out of sight.

Another employee of Roadway Express, Leroy Curbow, also witnessed a part of the incident, and identified Knox as the man chasing Lyles into the building. Two witnesses testified that they saw three men standing together near the "Mayflower Building" to the West of the scene for some minutes just before the murder, and thereafter saw three men running from the Roadway Express terminal. One of these witnesses identified appellants Knox and Clay positively as two of the three men he saw. There was testimony that at least two of the appellants were wearing similar jump suits.

The physician who performed the autopsy testified that death resulted from one of four bullet wounds to the body.

█ This evidence is sufficient to sustain a finding that the appellants were acting together as principals, and sufficient to sustain a conviction. See Torres v. State, 491 S.W.2d 126 (Tex.Cr.App.1973); Harper v. State, 477 S.W.2d 31 (Tex.Cr.App. 1972); Childress v. State, 465 S.W.2d 947 (Tex.Cr.App.1971).

█ The appellants also challenge the sufficiency of the evidence to show the corpus delicti, and to show the shooting caused the death of Lyles. As stated above, the witness Gilbert saw appellant Knox fire a pistol toward Lyles. Several witnesses, including the physician who conducted the autopsy, identified Lyles as the man who was killed. The physician stated that his examination showed death resulted from a cardiac tamponade, which was caused by one of the bullets which entered the body of the deceased. The evidence is sufficient to prove both the corpus delicti and the cause of death. These two grounds of error are overruled.

█ One of the grounds of error complains of the failure of the trial court to administer the oath to the jury panel before voir dire examination, as required by Article 35.02, Vernon's Ann.C.C.P. This Court must presume the jury was properly empaneled and sworn, unless such matter was made an issue in the trial court, or it otherwise affirmatively appears to the contrary from the record. Article 44.24, V.A. C.C.P. We find no objection by appellants in the record to a failure to administer the oath to the jury panel. They raise the point for the first time on appeal. More-

over, the record does not affirmatively show that the oath required by Article 35.-02, V.A.C.C.P. was not given. This ground presents no error and is overruled. See Campbell v. State, 122 Tex.Cr.R. 494, 56 S.W.2d 460 (1933).

■ In several grounds of error appellants complain of the admission over objection of the testimony of A. A. Arnold, James Osby and Ervin Kingsbury, as well as State's Exhibits 9 and 10, admitted after being identified and authenticated by the witnesses Arnold and Osby. The appellants note that these witnesses were not listed or disclosed by the prosecution pursuant to the trial court's order granting appellants' request that the State disclose witnesses it intended to call at trial. Appellants say they were surprised and injured by the admission of all of this evidence.

Arnold, Superintendent of Public Works in Tyler, testified to the distance between the scene of the murder and the apartments where appellants were arrested. A map of Tyler (State's Exhibit 9) showing both locations was authenticated by Arnold and admitted in evidence. Osby, manager of the Liberty Arms Apartments, testified that appellant Verdell Clay lived in apartment D–201 of the apartments on the date of the offense; and the rental records of the Liberty Arms Apartments (State's Exhibit 10) showing that Verdell Clay rented an apartment there were admitted in evidence after Osby authenticated them as business records. The substance of Kingsbury's testimony is discussed elsewhere in this opinion.

Appellant has not shown or suggested bad faith on the part of the prosecutor in failing to disclose ahead of time the names of these witnesses. Appellants questioned the jury panel on voir dire concerning their familiarity with Ervin Kingsbury, thus indicating they may not have been surprised at all when he was called as a witness. Moreover, none of the three witnesses testified to any contested fact issue in the case, see Newton v. State, 162 Tex. Cr.R. 519, 287 S.W.2d 179 (1956), and none testified to the shooting for which the appellants were on trial. The map which was introduced was a matter of public record, and we fail to see how a business record showing that one of the appellants rented an apartment where he and another appellant were arrested could have surprised or harmed appellants. Under these circumstances, no error is shown.

■ We note further that appellants did not make an objection at trial on the ground here urged either to Kingsbury's testimony or to admission of the map of Tyler. No objection at all was raised to the rental records of the Liberty Arms Apartments. These complaints are not properly preserved for review. See Jenkins v. State, 468 S.W.2d 432 (Tex.Cr. App.1971).

The record does not show that the trial court abused its discretion in admitting the testimony of the witnesses Osby, Arnold and Kingsbury.

■ Appellants say in their eleventh ground of error that the trial court erred in refusing to allow counsel to cross-examine police officer Ed Jenkins concerning his pursuit of appellants. The Court sustained the prosecutor's objection to the question that it had already been answered. We note that the question was virtually identical to the preceding question asked by appellants' counsel and answered by the witness. At any rate, appellants failed to perfect a bill of exception showing what the witness' answer would have been had he answered the question. Nothing is presented for review. See Mabry v. State, 492 S.W.2d 951 (Tex.Cr.App.1973); Alexander v. State, 476 S.W.2d 10 (Tex.Cr. App.1972); Burton v. State, 471 S.W.2d 817 (Tex.Cr.App.1971).

■ The appellants urge that admission of a photograph of the deceased as officers found him on the floor of an office of the Roadway Express terminal, as well as sev-

eral photographs depicting the Roadway Express terminal itself, was error.

"If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible."

Martin v. State, 475 S.W.2d 265 (Tex.Cr. App.1972); see also Lanham v. State, 474 S.W.2d 197 (Tex.Cr.App.1971); Terry v. State, 491 S.W.2d 161 (Tex.Cr.App.1973). The photographs here were admissible to show the facts and circumstances surrounding the death of Lyles. We overrule these grounds of error.

Appellants next contend that the trial court erred in refusing to allow voir dire examination of the witness Ervin Kingsbury out of the presence of the jury to test the materiality and relevancy of his testimony, and also that the Court erred in admitting Kingsbury's testimony into evidence. Kingsbury testified to an altercation some weeks before the murder in which a group of twelve or fifteen persons, including appellant Clay, threatened to kill Kingsbury and the victim Lyles. At one point in the incident, according to Kingsbury, appellant Clay pointed a pistol at Lyles and attempted unsuccessfully to fire it. Appellants' counsel cross-examined Kingsbury at length concerning the incident.

Kingsbury's testimony was clearly admissible as tending to show the motive and intent of the appellants in shooting the deceased Lyles. See Article 1257a, Vernon's Ann.P.C.; Perez v. State, 491 S.W.2d 672 (Tex.Cr.App.1973); Woodard v. State, 470 S.W.2d 650 (Tex.Cr.App.1971); Fair v. State, 465 S.W.2d 753 (Tex.Cr.App.1971); Thames v. State, 453 S.W.2d 495 (Tex.Cr. App.1970); Moss v. State, 364 S.W.2d 389 (Tex.Cr.App.1963). We find the appellant was not harmed by the Court's refusal to allow voir dire examination of Kingsbury to determine the relevancy and materiality of his testimony. These two grounds of error are overruled.

Appellants contend that the trial court erred in failing to charge the jury, with regard to each appellant, that a specific intent to kill was necessary to a finding of murder with malice. It was shown that Lyles died from pistol shots fired at close range.

"A pistol is a deadly weapon per se. When a deadly weapon is fired at close range and death results, the law presumes an intent to kill."

Stills v. State, 492 S.W.2d 478 (Tex.Cr. App.1973). Under these circumstances, no charge on a specific intent to kill is necessary. Cherry v. State, 488 S.W.2d 744 (Tex.Cr.App.1972); Smith v. State, 479 S.W.2d 311 (Tex.Cr.App.1972); Beasley v. State, 171 Tex.Cr.R. 115, 346 S.W.2d 123 (1961).

In two grounds of error appellants say that no charge should have been given on the law of principals, since each appellant was indicted separately, and challenge the "definition of the law of principals" as given by the trial court. Co-principals may be indicted and prosecuted either jointly or separately. See Article 36.09, V.A.C.C.P (1925). Appellants, through counsel, agreed and stipulated in writing to the joint trial of all three of them in a document contained in the record.

The charge on principals given by the Court was the same as to each of the appellants, except for appropriate name changes. The Court's charge was in language very similar to that quoted with approval in Lopez v. State, 468 S.W.2d 365 (Tex.Cr.App.1971), and we reaffirm our holding there that such a charge correctly describes and applies the law of principals, and correctly places the burden of proof on the State to show that appellants were principals beyond a reasonable doubt These two grounds of error are overruled.

Appellants' twenty-sixth and twenty-seventh grounds of error complain of the Court's failure to charge the jury on

the law of murder without malice. A charge on murder without malice is not required unless there is evidence in the record that the assault was committed under the immediate influence of a sudden passion, and we find no such evidence in the record before us. These grounds of error are overruled. See Machado v. State, 494 S.W.2d 859 (Tex.Cr.App.1973); Bryant v. State, 482 S.W.2d 270 (Tex.Cr. App.1972); Garza v. State, 479 S.W.2d 294 (Tex.Cr.App.1972).

The judgments are affirmed.

Opinion approved by the Court.