Geeslin v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-016-CR

     ROBERT EUGENE GEESLIN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 27820
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found Robert Geeslin guilty of theft and assessed his punishment at forty years in
prison. See Tex Penal Code Ann. § 31.03 (Vernon 1989). Geeslin complains that the court
abused its discretion when it denied his motion for a continuance and admitted the testimony of
undisclosed witnesses. We affirm. 
   On the day before trial, Geeslin announced that he intended to plead guilty to the indicted
offense and true to all three enhancement paragraphs. Surprised by Geeslin's plea, the State
supplemented its witness lists on the morning of trial to include reputation witnesses. Geeslin
made an oral motion for a continuance prior to the testimony of the three reputation witnesses. 
He argues that in point one the court abused its discretion when it failed to grant his motion. 
      A ruling on a motion for continuance will not be disturbed absent a showing of abuse. Smith
v. State 721 S.W.2d 844, 850 (Tex. Crim. App. 1986). After Geeslin moved for a continuance,
a discussion took place at the bench. The record indicates that the three witnesses were being
offered solely for the purpose of providing reputation testimony. None of their testimony
concerned a contested fact issue. Furthermore, Geeslin should not have been surprised that this
type of witness would be testifying on behalf of the State. He has failed to show that the court
abused its discretion. See id. 
      Geeslin also claims that the court abused its discretion when it allowed the three witnesses to
testify. Several factors should be considered in reviewing whether a court has abused its discretion
in allowing a witness to testify. These factors include whether the state acted in bad faith in
failing to provide the names; whether the witnesses could have reasonably been expected to testify;
or whether the witnesses were called to testify on a contested fact issue. See, e.g., Stoker v. State,
788 S.W.2d 1, 15 (Tex. Crim. App. 1989) (no showing of bad faith); Bridge v. State, 726 S.W.2d
558, 567 (Tex. Crim. App. 1986) (witness could have been anticipated); Clay v. State, 505
S.W.2d 882, 885 (Tex. Crim. App. 1974) (witnesses not testifying to a contested fact issue). 
      Each of the factors, when applied to the facts, demonstrate that the court did not abuse its
discretion. As already noted, Geeslin determined that he would plead guilty on the day before
trial. The following day the State gave him a list of its reputation witnesses, thereby eliminating
any potential allegations of bad faith. See Hightower v. State, 629 S.W.2d 920, 925 (Tex. Crim.
App. 1981).
      As noted above, Geeslin should have anticipated that, upon the entry of his plea, the State
would present reputation testimony. Therefore, he should not have been surprised in the
presentation of the witnesses. See id. at 925. Additionally, any potential contested fact issues were
resolved by Geeslin's guilty plea. All that remained for the jury's consideration was the
punishment to be assessed. See Cureton v. State, 800 S.W.2d 259, 262 (Tex. App.—Houston
[14th Dist.] 1990, no writ). Based on the circumstances, we cannot conclude that the court abused
its discretion when it allowed the witnesses to testify. See Hightower, 629 S.W.2d at 925.
      However, even assuming that the court erred when it denied the continuance and allowed the
witnesses to testify, we find that the error did not contribute to Geeslin's punishment beyond a
reasonable doubt. See Tex. R. App. P. 81(b)(2).
      The jury assessed Geeslin's punishment at forty years in prison. The punishment range for
theft is life or twenty-five to ninety-nine years. See Tex. Penal Code Ann. § 12.42(d) (Vernon
Supp. 1992). The jury heard testimony from the State's listed witnesses, as well as the testimony
of Geeslin's brother and sister, which was favorable to him. Thus, the probable impact of the
alleged error was minimal. See Harris v. State, 790 S.W.2d 568, 588 (Tex. Crim. App. 1989). 
After isolating the assumed error and assessing its impact against the evidence as a whole, we find
that it did not contribute to Geeslin's punishment beyond a reasonable doubt. See id. We overrule
point one and affirm the judgement.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed April 22, 1992
Do not publish