Affirmed and Opinion filed April 17, 2003









Affirmed and Opinion filed April 17, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00645-CR

____________

 

KENNETH WAYNE GILMORE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 893,844

 



 

M E M O R A N D U M   O
P I N I O N

Appellant, Kenneth Wayne Gilmore, was charged by indictment
with the felony offense of burglary of a habitation.  Appellant pled true to two enhancement
paragraphs and the judge assessed appellant=s punishment at fifty years= imprisonment.  In two points of error, appellant contends:
(1) the evidence was legally and factually insufficient to support his
conviction, and (2) the trial court erred in refusing to grant a mistrial.  We affirm.








On November 5, 2001, John Morse drove through the Briarmeadow
subdivision to get to his apartment.  As
he turned onto Beverly Hill, he saw a car parked at a house on the corner of
Beverly Hill and Ann Arbor.  He then saw
appellant carrying a bicycle from the direction of the garage.  Appellant, wide-eyed and seemingly startled
to see Morse, tripped over the bicycle and fell to the ground.  Morse turned the street corner and stopped to
watch appellant as he placed some unknown items into the backseat of his car
and then attempted to force the bicycle into the trunk.  Appellant never got the bicycle to fit
properly in the trunk but jumped in the car anyway and sped off with the trunk
lid still open.  Morse thought it was
peculiar for someone to treat an expensive looking bicycle so haphazardly, so
he wrote down appellant=s license plate number and briefly gave chase.  

Morse reported the events to the neighborhood community
center who notified police and an officer was sent to the scene to
investigate.  Upon arrival, the officer
noticed a gate leading to the backyard of the complainant=s house was open, and once inside the
backyard, a door leading to the garage was also open.  When the complainant, Paulo Manisck, arrived
at the house, he inventoried his possessions and told police someone had stolen
a bicycle from the garage and golf clubs from inside the house.  He also told the officer it was unusual for
the gate and door to be open, but the locks were old and easy to force
open.  Subsequently, Morse identified appellant
in a photo array prepared by police, as the man he saw taking the bicycle.

Legal and Factual Sufficiency 


In his first point of error, appellant avers the evidence was
legally and factually insufficient to support his conviction.  Specifically, appellant contends there was
insufficient evidence to show he actually entered the complainant=s habitation. 








When reviewing legal sufficiency, we view the evidence in the
light most favorable to the verdict and determine whether a rational trier of
fact could have found the elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319 (1979); Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim.
App. 2000).  We consider all of the
evidence, both direct and circumstantial, whether properly or improperly
admitted.  Curry v. State, 893
S.W.2d 536, 540 (Tex. Crim. App. 1995). 
When considering factual sufficiency, we must examine the jury=s weighing of the evidence and review
the evidence in a neutral light.  Johnson v. State, 23 S.W.3d 1, 6 (Tex. Crim. App. 2000).  Thus, we compare the evidence that tends to
prove the contested fact with the evidence that tends to disprove the
fact.  Id. at 7.  We are authorized to disagree with the jury=s determination, but we may not
substitute our judgment for that of the fact finder.  Id. 
We may set aside a verdict on factual sufficiency grounds only when the
verdict is so contrary to the great weight and preponderance of the evidence as
to be clearly wrong.  Westbrook
v. State, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000).

To support a conviction for burglary of a habitation, the
State must prove the defendant (1) entered a habitation; (2) without effective
consent of the owner; and (3) committed or intended to commit a felony, theft,
or assault.  TEX PEN. CODE ANN. ' 30.02(a)(1)B(3) (Vernon Supp. 2003).  Burglarious entry can be proven by
circumstantial evidence.  See Gilbertson
v. State, 563 S.W.2d 606, 608 (Tex. Crim. App. [Panel Op.] 1978);  see also Garza v. State, 841 S.W.2d
19, 22 (Tex. App.CAustin 1994, pet. ref=d) (holding evidence was sufficient
to show entry when appellant was seen walking away from recently burglarized
building with stolen property). 








Numerous incriminating circumstances establish appellant
entered the garage.  Morse watched
appellant walking away from the garage carrying a bicycle.  The complainant listed a bicycle as stolen
from inside the garage and said golf clubs were stolen from inside the
house.  Additionally, the investigating
officer noticed both a gate leading to the backyard and a door leading into the
garage were left open after the burglary. 
The complainant stated that it was unusual for the gate and door to be
open, but explained the locks were old and could have easily been forced
open.  Moreover, no other person was
observed in the area.  See
Torres v. State, 491 S.W.2d 126, 128 (Tex. Crim. App. 1973) (explaining that
presence at the scene of the offense alone is insufficient, but it is a
circumstance tending to connect a person with a crime and taken with other
facts, may be sufficient to show he was an actor in the crime).  Furthermore, appellant looked startled and
tripped over the bicycle when he realized Morse was watching him, which could
suggest he had been caught in the act. 
Appellant then placed something into the backseat and attempted to force
the bicycle into the trunk of his vehicle. 
Realizing this effort futile, he sped off with the trunk lid still
open.  See Clary v. State, 491
S.W.2d 900, 902 (Tex. Crim. App. 1973) (holding that flight may be considered
as one circumstance tending to show guilt). 
We find the evidence, taken as a whole, is sufficient for a rational
trier of fact to find that appellant entered the habitation and committed
burglary.  Additionally, the verdict was
not so contrary to the great weight of evidence as to
be clearly wrong.  Appellant=s first point of error is overruled.

Improper Jury Argument

In his second point of error, appellant argues the trial
court erred in refusing to grant a mistrial because of alleged improper jury
arguments by the State=s attorney. 
Specifically, appellant complains that statements made by the prosecutor
during closing arguments were so prejudicial that a jury instruction to
disregard could not cure them.

Prior
to closing arguments, appellant contends the State attempted to improperly
illicit evidence regarding appellant=s criminal record:

MS. HALL [Prosecutor]: After speaking with Ms.
Broussard, what was the next thing you did in your investigation.?

OFFICER LOTZ: After I found out who had been using the
car, when she told me it was her boyfriend, I ran a criminal history on him.

MS. HALL: After running or trying to get that type of
information, what did you do next?

THE COURT: Can I see the attorneys up here?  Ladies and gentlemen, I=m going to ask you to step back to the
jury room for a minute.  There=s someone out in the hallway and I need to talk to
them for a minute.

[Jury excused.]








THE COURT:  With
24 years of experience, you know that you can=t talk
about something like running a criminal record. 
You=re making me hold my breath that you=re going to say: After receiving his record or I=m ordering his receiving TDC pictures, it=s inappropriate. 
It=s
not allowed.  You know that.  Do not refer to anyone=s criminal record on a defendant again unless it=s been a matter that=s been
approved by a court.  And you=re going to answer: I ordered a DPS photograph.  I ordered photographs.  That=s
fine.  But for me to feel the need
to stop the trial for fear that you=re going
to commit error is not good.  Let=s bring in the jury.

MR. MONCRIFFE [Appellant=s
attorney]: Your Honor, for the record before the jury comes in, I would like to
make an objection to what he=s already alluded to. 
I feel that the jury has heard that and it=s
prejudicial so much so that I would request that theCthat we declare a mistrial at
this point, Your Honor.

THE COURT: That=s
denied.  If you would like, I=ll make an instruction for the jury to disregard the
last few answers of the witness and I=ll allow
her to step back a few steps andC

MR. MONCRIFFE: Your Honor, I think that will only
highlight it more.

*  *  *

THE COURT: Okay. 
So the record is clear, I am willing to instruct the jury to disregard
the last few comments.  And counsel, on
the record, has just stated that for tactical reasons, he is choosing for me
not to do that, not to highlight it.  And
I did try to make it very casual [in excusing the jury] saying there was
someone in the hall when there was not anybody in the hall.

MR. MONCRIFFE: That=s
correct.

THE
COURT: I tried to make it like the focus was not on what I thought was getting
ready to come out.  Okay.  Now let=s bring the jury in.








Appellant
seems to suggest that, thereafter, in closing argument, the prosecutor
attempted to exploit the prejudicial impact of the above testimony by making
the following comments:[1]

MS. HALL: What happened in this case is John Morse,
unlike a lot of us, took the high road. 
. . . He didn=t just
drive by that house, see Mr. Gilmore get in that car, fall over the bike as he=s trying to steal it, throw in the golf clubs or the
things that John Morse saw and just drive off and call 911 and say, I think
there=s something weird going on.  That=s what
most people would have done and driven off and not have to worry about it, not
have to miss work to testify in front of a criminal whoC

MR. MONCRIFFE: 
Your Honor, I=m going to object to the allegation of a
criminal.  That=s totally improper at this point.

THE COURT: That=s
overruled.  I think that=s what she=s
alleging.  I think that=s her theory, what she=s
alleging.








Proper areas of jury argument include: (1) summation of the
evidence; (2) reasonable deductions from the evidence; (3) response to the
argument of opposing counsel; and (4) a plea for law enforcement.  Westbrook, 29 S.W.3d
at 115 (Tex. Crim. App. 2000). 
Any argument outside of these areas will not constitute reversible error
unless the argument is manifestly improper, violates a mandatory statute, or
injects new and harmful facts into the proceeding.  Harris v. State, 905 S.W.2d 708, 710
(Tex. App.CHouston [14th Dist.] 1995, pet.
ref'd).  A court should give the
prosecutor wide latitude in drawing inferences from the evidence so long as the
inferences are reasonable, fair, legitimate, and offered in good faith.  See Denison v. State, 651 S.W.2d 754,
761B62 (Tex. Crim. App. 1983).

The argument made here was not improper.  It is only when the prosecutor implies that
the defendant has committed offenses not charged that argument becomes
improper.  See Walker v. State,
664 S.W.2d 338, 340 (Tex. Crim. App. 1984) (holding comment by prosecutor that
defendant burglarized “for a living” was inappropriate where no evidence
existed to show he earned a living from burglaries);  see also Melton v. State,
713 S.W.2d 107, 114 (Tex. Crim. App. 1986) (explaining that arguments made by
prosecutor that implied defendant had a scheme of theft and was one of two
major thieves was outside of the record and impermissible).  That is not what happened in this case.  The State was not implying appellant
burglarized for a living or that he had extraneous offenses.  Rather, the State was simply alleging what is
necessary in any criminal case: that a crime has been committed and the person
charged with that crime is an alleged criminal. 
As such, the argument was both a reasonable deduction from the evidence
and a plea for law enforcement.

Moreover, mistrial is a remedy to be used only for highly
prejudicial and incurable errors.  Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000).  An instruction to disregard is usually
adequate unless the testimony was “clearly  calculated to inflame the minds of the
jury,” or “it would be impossible to remove the harmful impression from the
jury=s mind.”  Kipp v. State, 876 S.W.2d 330, 339 (Tex. Crim. App. 1994).  Nothing in the prosecutor=s argument, even if it had been
impermissible, was so inflammatory that an instruction to disregard could not
have cured the harm.  Appellant's motion
for mistrial was properly denied.

Appellant
further complains, however, that the following argument also constitutes
improper jury argument:








MS. HALL: If a jury as jurors, if that=s not enough, then we need to change the law because
what you=re going to require is that someone be caught in
someone=s home in order to be held accountable for
burglarizing someone, for violating someone=s home,
for violating the sanctity of someone=s
home.  That=s what you=re
going to require.  So let=s change the law. 
Okay?  Because if being identified
not only in court but in a photo spread where you can=t see the body or anything else and being found in a
car that you are known to drive in, okay, and ya’ll heard the testimony from
Patricia Broussard, if that=s not enough, then let=s not
prosecute these cases because it=s a
waste of time and let=s let them all come into our house.  Okay. 
But you know what, IC

MR. MONCRIFFE: Judge, I object.  That=s improper
argument.

THE COURT: Sustained.

MR. MONCRIFFE: Ask the jury to be instructed to
disregard that statement.

THE COURT: The jury will be instructed to disregard
the last statement and not consider it for any purpose.

MR. MONCRIFFE: Defense moves for mistrial.

THE
COURT: That=s denied.

Error is preserved when (1) the court overrules an objection
to an improper jury argument, (2) the objection is sustained, but the court
denies a request for an instruction to disregard the improper argument, or (3)
the objection is sustained, an instruction is given, and the court improperly
denies a motion for mistrial.  See
Koller v. State, 518
S.W.2d 373, 375 n. 2 (Tex. Crim. App. 1975).  If the argument is improper and the objection
is sustained, the court should grant a request to instruct the jury to
disregard the improper argument.  If, as
in this case, an instruction is given and the court denies the defendant's
motion for a mistrial, error results only when the argument is extreme,
manifestly improper, injected new and harmful facts into the case, or violated
a mandatory statutory provision and was thus so inflammatory that its
prejudicial effect could not reasonably be removed from the minds of the jurors
by the instruction given.  See Johnson
v. State, 698 S.W.2d 154, 167 (Tex. Crim. App. 1985), cert. denied,
479 U.S. 871 (1986); Hernandez v. State, 819 S.W.2d 806, 820 (Tex. Crim.
App. 1991), cert. denied, 504 U.S. 871 (1992).








Appellant did not articulate at trial, nor does he attempt to
explain on appeal, why the prosecutor=s argument was not a legitimate plea
for law enforcement.  Likewise, appellant
cites no authority to suggest the aforementioned argument was improper.  However, to the extent that the argument was
improper, if it was, we find that curative action taken by the trial court was
sufficient.  In other words, the trial
court's instruction to disregard was sufficient to cure any harm, because the
prosecutor=s remarks were not so inflammatory
that any prejudicial effect could not reasonably have been removed by the
instruction.  See Andujo
v. State, 755 S.W.2d 138, 144 (Tex. Crim. App. 1988);  Johnson v. State, 698 S.W.2d
154, 167 (Tex. Crim. App. 1985). The general rule is that an instruction to
disregard will usually cure any harm.  Anderson v. State, 633 S.W.2d 851, 855 (Tex. Crim. App.
1982).  The trial court gave the
jury an instruction to disregard, and we presume that the jury obeyed it.  Accordingly, the trial court did not err in
refusing to grant a mistrial.   

The judgment of the trial court is affirmed.

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed April 17, 2003.

Panel consists of
Justices Yates, Hudson, and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant=s point of error is framed with reference to improper
jury arguments.  Thus, we assume he did
not intend to predicate reversible error on the aforementioned exchange.  However, to the extent appellant does seek to
complain about the incident, we do not find it to be reversible error.

We cannot discern from the record whether
the trial court was admonishing the witness or the State=s attorney.  In
any event, the witness=s reference to Arunning
a criminal history@ was neither incriminating nor prejudicial.  It is common knowledge that this is standard
police procedure, and the jury was never informed as to the results of the
search.  Generally, any error resulting
from a nonresponsive statement is cured by an instruction to disregard.  Faison v. State, 59 S.W.3d 230, 244
(Tex. App.CTyler
2001, pet. ref=d).  To the
extent the witness=s answer could have inferred the existence of a
criminal record, we find it was curable by an
instruction to disregard.  Appellant=s counsel, however, neither objected nor requested an
instruction to disregard.  Accordingly,
nothing has been preserved for our review.