# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00265-CR

**Terry Lynn Bell, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT NO. 005943, HONORABLE MIKE LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a conviction for aggravated sexual assault of a child,[1] a first degree felony, and indecency with a child by contact,[2] a second degree felony. Appellant Terry Lynn Bell was found guilty by a jury, and punishment for the first degree felony was assessed at seventy-two years= imprisonment; punishment on the second degree felony was assessed at twenty years, to be served concurrently. Bell challenges his conviction contending that he was deprived of a fair trial by impermissible questions of the prosecutor to an expert witness which improperly commented on the trustworthiness of the complainant=s testimony. We affirm the conviction.

---

[1] Tex. Pen. Code Ann. ' 22.021 (West 2003).

[2] Tex. Pen. Code Ann. ' 21.11(a)(1) (West 2003).

## FACTUAL BACKGROUND

Between 1997 and June 2000, Bell cohabitated with his girlfriend, Frances Wright, and her three children on a fairly regular basis. Shortly after Bell began living with the family, he began having sexual relations with Wright=s oldest daughter, who was eleven years old at the time. Bell initially fondled the girl and soon initiated sexual intercourse with her. Bell continued to have sexual intercourse with the child over a period of almost three years.

Bell would approach Wright=s daughter when Wright was not in the house. He would close the door when Wright=s daughter was in her mother=s bedroom watching television. Bell would come in, undress, and have sexual intercourse with her. She said Bell never wore a condom during their sexual encounters. He always instructed her not to tell anyone, and gave her a look that made her think that he would hurt her or someone else if she Atold.@

The last time Wright=s daughter had sex with Bell was a week before Wright broke up with Bell, and she and her children moved in with her mother. Bell was alone in the house with the three children. Bell took Wright=s daughter to Wright=s bedroom. The daughter testified that her two younger siblings saw Bell take her into the bedroom, but she did not think that they knew what Bell did to her. The daughter testified that this occurred in the evening while it was still light out.

In August 2000, Wright took her daughter to a pediatrician for a routine physical examination. During the exam, the physician discovered that Wright=s daughter was pregnant. A subsequent diagnosis determined that she was in her third trimester. Wright=s daughter admitted to the pediatrician that she had been sexually assaulted by Bell over the course of almost three years. She was

thirteen years old at the time and had never had sexual intercourse with anyone but Bell. DNA tests revealed that Bell was the father of the baby girl born to Wright=s daughter.

At his trial for aggravated sexual assault and indecency with a child by contact, Bell did not deny having sexual relations with Wright=s daughter. Instead, he claimed that he had no criminal intent to commit the acts because he suffered from a sleep disorder.

## DISCUSSION

Bell does not challenge the sufficiency of the evidence to support the conviction. Instead, he complains about two questions posed by the prosecutor to the State=s expert witness. He claims that the State improperly attempted to have the witness vouch for the victim=s account of the offense, citing *Yount v. State.* 872 S.W.2d 706, 711 (Tex. Crim. App. 1993). He points to the rule that expert testimony may not be offered regarding the veracity of a particular witness or class of witnesses.

The expert witness in question was Miriam Jansky, a psychological therapist who treated the victim. Bell complains about the following questions posed by the prosecutor:

| [PROSECUTOR]: | Do you have an opinion based on your training and your experience as to whether or not [the victim] exhibited characteristics that are consistent with characteristics of a child who has beenB |
|---|---|
| [DEFENSE]: | Your Honor, I would object. The manner of the question speaks to the specific issue that is in the domain of the jury regarding the truthfulness of the victim. I object. |
| [COURT]: | I=m going to sustain the objection to the particular question as stated. |

3

. . . .

[PROSECUTOR]:  The characteristics displayed by [the victim], particularly the dissociation and the flat affect, are those characteristics consistent with what you have seen in your training and experience as characteristics exhibited by victim of sexual abuse?

[DEFENSE]:  Your Honor, I voice the same objection. I believe that the B

[COURT]:  Sustained. I think the point has been made.

In the same line of questioning, the following testimony was given without objection:

[PROSECUTOR]:  Would you tell us, if you would, some of the characteristics that are exhibited by child victims of sexual abuse, particularly victims between the ages of ten and thirteen?

[JANSKY]:  I think it=s very - - it=s individual and unique to each child. Some children are aggressive, some children have difficulty sleeping, they have nightmares, they have flashbacks, . . . , sometimes they are depressed, sometimes they are angry, they have mood swings, typically there is excessive guilt, there is a lot of shame and embarrassment. There at times are symptoms that are on the dissociative realm, . . . it=s sort of like they separate themselves.

. . . .

[PROSECUTOR]:  Would you state for us based on the counseling that you have provided to [the victim] for the year that you have counseled with her what characteristics, if any, she exhibited during your counseling sessions?

[JANSKY]:  [The victim] was very dissociated emotionally. She had a very flat affect. There was an element of this-really-didn=t-happen-to-me kind of a thing. . . . She also had some disturbed sleep, generalized fear, particularly of boys and men. . . . She intended to isolate herself some. She had an awful lot of shame about what had happened.

Here, the expert witness did not testify to the veracity of the victim=s testimony because defense counsel objected to the complained-of questions and the trial court sustained the objections. The witness never responded to the questions. Bell argues that the questions alone Alinked in the jury=s mind the expert=s past experiences with this victim=s truthfulness, and as such violated [his] rights to due process.@ At no time did Bell ask the trial court for a curative instruction to any questions posed by the prosecutor.

In order to preserve error, a defendant must make a timely objection, and, if the objection is sustained by the court, the defendant must request a curative jury instruction and must seek a mistrial if the curative instruction is given. *See Nethery v. State*, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985); *Duran v. State*, 505 S.W.2d 863, 866 (Tex. Crim. App. 1974); *see also Heidelberg v. State*, 36 S.W.3d 668, 672-73 (Tex. App.CHouston [14th Dist.] 2001, no pet.) (AIf the objection is sustained, the defendant must move to strike the evidence, that is, to have it removed from the body of the evidence the jury is allowed to consider.@). Here, Bell neither asked for a curative jury instruction to disregard the allegedly improper questions nor sought a mistrial.

A defendant must obtain an adverse ruling from the trial court in order to complain on appeal. *Nethery*, 692 S.W.2d at 701; *Torres v. State*, 491 S.W.2d 126, 128 (Tex. Crim. App. 1973). If the defendant receives all the relief requested from the trial court, there is nothing for an appellate court to review. If the trial court sustains the defendant=s objection to a prosecutor=s question, and if the defendant requests no further relief, no error is presented because the defendant did not obtain an adverse ruling. *Paloma v. State*, 656 S.W.2d 229, 232 (Tex. App.CAustin 1983, no pet.).

The testimony that was given by Jansky, quoted above and not objected to by Bell, was within the proper scope of expert witness testimony to assist the jury. Tex. R. Evid. 702. Jansky=s testimony was not an opinion about the veracity of the complainant=s testimony. *See Yount*, 872 S.W.2d at 712. Bell=s sole ground of error is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: May 1, 2003

Do Not Publish