### RUDY GONZALES V. STATE

No. 33,749.   November 1, 1961

*Wayne Basden,* Big Spring, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, 50 years.

The statement of facts reflects that Herman L. Curtis was killed when two .22 caliber rifle bullets were fired into his chest while he was operating a service station.

Appellant's confession was introduced into evidence by the state which recites that on the date in question he drove his car to the home of Alfred and Ramon Gonzales; that Alfred asked him to take them to a filling station and he replied that he

would; that Alfred went into the house and came out with a .22 caliber automatic rifle; that he asked what Alfred was going to do with the gun and Alfred said he did not need to know what he was going to do; that Alfred and Ramon got into the car and he drove them a block past the service station; that Ramon ran around the front of the station and Alfred, with the rifle in his hand, ran behind the station; that he heard two shots and then saw Ramon and Alfred running toward the car; that Alfred still had the .22 caliber rifle in his hand and said, "Let's go"; that he took Alfred and Ramon to their house; that he asked Alfred why he shot the man and was told because the man would not give up his money; that when Alfred and Ramon got out of his car at the service station with the rifle he knew they were going to rob the service station; and that he expected to get his part of the money that Alfred and Ramon were going to get in the robbery.

Appellant did not testify or offer any evidence in his behalf.

Two questions are presented for review.

Appellant contends that the evidence is insufficient to sustain his conviction as a principal to the murder.

The evidence shows that appellant knew that his companions were going to rob the service station operator when they got out of his car, that he waited nearby to carry them to safety, and that he expected to share in the fruits of the robbery.

The deceased was murdered during the existence of and in the furtherance of the common design of appellant and his companions to commit robbery by using a loaded rifle, and the killing was a natural and probable consequence of such common plan and design. Appellant was present at the commission of the offense in the sense that "present" is used in Article 66 and 69, V.A.P.C., and we find the evidence sufficient to sustain the conviction. Stubblefield v. State, 334 S.W. 2d 150; White v. State, 154 Tex. Cr. Rep. 489, 228 S.W. 2d 165; and Hill v. State, 135 Tex. Cr. Rep. 567, 121 S.W. 2d 996.

Appellant next contends that the confession contained exculpatory statements in that it shows that when Alfred and Ramon Gonzales first entered appellant's car he was told that he need not know what they were going to do and that the trial

court erred in failing to instruct the jury that the confession must be taken as a whole and that the State must disprove the excupatory matters.

Appellant's confession also states that at the time Alfred and Ramon got out of his car near the service station he knew they intended to rob the station operator and he expected to get his share of the money; therefore the confession as a whole shows that there were no exculpatory statements which would demand appelant's requested charge. Querner v. State, 127 Tex. Cr. Rep. 410, 76 S.W. 2d 520, and Anderson v. State, 71 Tex. Cr. Rep. 27, 159 S.W. 847.

No reversible error appearing, the judgment is affirmed.