**Robert Marion LOCKE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45612.

Court of Criminal Appeals of Texas.

July 28, 1972.

Rehearing Denied Oct. 18, 1972.

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty., Catharine T. Hill, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On September 25, 1970, the appellant waived trial by jury and entered a plea of guilty before the court to the charge of receiving and concealing stolen property of the value of $50 or over. The punishment was assessed at five years, but the imposition of sentence was suspended and the appellant was placed on probation subject to certain conditions. Among the conditions of probation were the requirements that the appellant

"(a) Commit no offense against the laws of this or any other state or the United States.

"....

"(d) Report to the probation officer, as directed, to wit: monthly."

On August 6, 1971, the State filed a motion to revoke alleging violations of the foregoing conditions of probation.

After a hearing on October 8, 1971, the court ordered the probation revoked finding that the appellant had violated both of the conditions described.

Appellant contends the court abused its discretion in so doing.

Dee Downs, Vice President of the Dallas Plumbing Company, testified that on January 20, 1971, after receiving a call from the police, he discovered that copper tubing installed on a construction site at 9510 Military Parkway in Dallas County had been removed from the building under construction. He related he had care, custody and control of the 85 pounds of copper tubing which had been removed, and that he had not given the appellant or anyone else permission to take the same. He testified the value of the copper tubing taken was $100.00.

Dallas City Police Officer James Gross testified that while on patrol on January 20, 1971, during an early evening hour, he was flagged down by an individual who told him he thought somebody was trying to take the copper out of the construction site in question.

Gross then proceeded to the address on Military Parkway, arriving about 6:40 p. m. There, in his headlights, he observed two men loading copper tubing into a stationwagon. The two men ran as Gross approached and after a chase he found them lying on the ground at the rear of the construction area.

After the arrival of assistance, Officer Gross discovered the appellant lying on the ground approximately ten feet from the stationwagon and between the stationwagon and the construction site. Copper tubing was in the stationwagon and pieces of

copper tubing were on the ground near the appellant and all over the area. Gross testified that when he approached the appellant he could not determine whether appellant was asleep or not, and that after he got the appellant on his feet, he observed that he had been drinking but was "not real intoxicated."

On direct examination, and then again on cross examination, it was established that Gross had caused the registration of the stationwagon to be checked and the address on the registration was the same as that of the appellant. The name of the person to whom the vehicle was registered was not shown.

On cross examination, it was developed that the appellant had been tried and convicted by a jury for the theft of the copper tubing and that a motion for new trial was then pending.

Don Stiles, Adult Probation Officer, testified that from September 25, when the appellant received probation, until December 17, 1970, the appellant was in jail and that he did not expect or require the appellant to report to him during this period. The confinement was apparently due to other charges and was unrelated to the probation in question. Stiles then related that from December 17, 1970 until January 20, 1971, the appellant did not report to him; that he should have reported in December after his release, and again between January 10 and 15, but, if he had reported any time during a calender month, that action would not normally be taken against him.

The appellant did not testify or offer any evidence.

■ Appellant vigorously urges that mere presence of an accused at the scene of a crime or even knowledge of an offense does not make one a principal. He relies upon Shortnacy v. State, 474 S.W.2d 713 (Tex.Cr.App.1972). Appellant's assertion is correct, but "presence is a circumstance tending to prove that a person is a

principal, and taken with other facts, may be sufficient to show that he was a participant." Childress v. State, 465 S.W.2d 947 (Tex.Cr.App.1971).

When appellant's presence is taken together with all the other circumstances described, we conclude that it was sufficient to show his guilt, and the court did not abuse its discretion in revoking probation, even if no consideration is given to claimed failure to report to the probation officer.

The judgment is affirmed.

ROBERTS, J., not participating.