**Antonio Salinas VELA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46501.**

Court of Criminal Appeals of Texas.

March 14, 1973.

F. B. Godinez, Jr., Lubbock, Oscar Palacios, Austin, for appellant.

Vernon D. Adcock, Dist. Atty., Lamesa, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is a companion case to No. 46,500, Hilario Vela Quintanilla, 491 S.W.2d 433, this day decided. The appeal is from an order revoking probation.

On April 30, 1968, appellant Vela entered a plea of guilty to the offense of arson and waived a jury. He was convicted and received a five year term, probated. Among the conditions of probation was that he shall commit no offense against the laws of this or any other State or the United States.

On June 8, 1972, the State filed a motion to revoke probation, alleging that on May 28, 1972, appellant committed the offenses of burglary and theft of a pickup truck. These were the same offenses with which Hilario Vela Quintanilla was also charged by separate motion (See No. 46,500, supra), and a joint hearing of the two motions to revoke was had. It was the theory of the State that appellant Vela was guilty as a principal with Quintanilla in the commission of the theft and burglary. The same statement of the evidence is on file in both appeals. As was the case with Quintanilla, the court found that appellant Vela committed the offenses of burglary and theft, reduced the term to four years, and appellant was sentenced accordingly.

■ Appellant's sole ground of error alleges an abuse of discretion by the trial court, since the evidence was insufficient to show guilt of this appellant.

Since the evidence was fully reviewed in Quintanilla, supra, it is not necessary to restate it. The evidence against appellant Vela is that he accompanied Quintanilla to the homes of Rudy Rios and Henry Rios; that he was picked up by the driver of the Kirbie pickup after it was stolen from the Kirbie home, and that he was with Quintanilla in the '66 Dodge when the men were arrested. There was no evidence of any agreement or conspiracy with Quintanilla on appellant's part to steal the pickup or burglarize the home. No one identified him as being on the Kirbie premises. No stolen property was found in his possession. There was no evidence that appellant committed any overt acts to assist, aid or accompany Quintanilla in the commission of theft or burglary. Appellant made no incriminating statements nor did any evidence link him to the burglary or the theft of the truck.

■ The State relies partly on the testimony of Deputy Sheriff Woody that as he was passing the Kirbie house shortly before the theft he saw four subjects there, and the testimony of Mrs. Rios that the pickup stopped to get the three companions of Quintanilla (including appellant) and then "turned back." No attempt was made to identify these four "subjects" seen by Woody. At the time Mrs. Rios saw the pickup, it had already been stolen, and no other actions of appellant indicating guilt were proven other than his presence with Quintanilla.

"The mere presence of the accused at the scene of a crime does not of itself justify drawing an inference that he participated therein. Reid v. State, 474 S. W.2d 702 (Tex.Cr.App.1972); Glenn v. United States, 271 F.2d 880 (6th Cir., 1959). Mere presence or even knowledge of an offense does not make one a principal. Ware v. State, Tex.Cr.App., 467 S.W.2d 256." Shortnacy v. State, 474 S.W.2d 713, 716.

We hold that the trial court abused its discretion in revoking appellant's probation.

No motion for rehearing will be entertained or filed with the clerk without leave of the court first being obtained after good cause has been shown.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.