**Hilario Vela QUINTANILLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46500.**

Court of Criminal Appeals of Texas.

March 14, 1973.

F. B. Godinez, Jr., Lubbock, for appellant.

Vernon D. Adcock, Dist. Atty., Lamesa, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is a companion case to Antonio Salinas Vela v. State, 491 S.W.2d 435, this day decided. The appeal is from an order revoking probation.

On April 30, 1968, appellant entered a plea of guilty to the offense of arson and waived a jury. He was convicted, and received a five year term, probated. Among the conditions of probation was that he shall commit no offense against the laws of this or any other State or the United States.

On June 8, 1972, the State filed a motion to revoke probation, alleging that on May 28, 1972, appellant committed the offenses of burglary and felony theft of a pickup truck. Hearing was held on June 19, 1972, and at the conclusion thereof the court found that appellant did commit the offenses of burglary and theft as alleged in State's motion. The order of probation was revoked, the court reduced the term to four years, and appellant was sentenced accordingly.

Appellant's sole ground of error raises the contention of abuse of discretion, in that the evidence was insufficient to sustain the court's order revoking probation.

The record reflects that the rural home of A. S. Kirbie was burglarized and his pickup stolen late on a Sunday afternoon, May 28, 1972, while he and his family were absent. A glass door of the house was broken, and blood was found on pieces of glass and throughout the house.

Earlier that day, appellant with Antonio Salinas Vela and two other men went to the home of Rudy Rios, drank some beer and ate lunch, and told Rudy they wanted to see his brother Henry's pickup. They left the car appellant's group had come in, a '66 Dodge, at Rudy's place, and went with Rudy in his car to Henry's home. There they sat around, drank more beer and finally a fight started. One of the men exhibited a .22 pistol. Henry Rios slapped Vela. Rudy told the men they would have to walk back, and at this time appellant left and ran across a field toward the Kirbie home about three quarters of a mile away. Henry Rios started running after him, but could not catch him and returned to his home. The three men who had been with appellant started walking down the road.

Mrs. Henry Rios saw appellant as he ran across the field and reached the Kirbie home. He disappeared around the corner, and in a very short while she saw the Kirbie pickup with someone driving it, whom she did not identify, leave the premises. It came to where appellant's three companions were walking, picked them up, and "then started back."

In the meantime, Henry Rios had seen Deputy Sheriff Woody and told him of what had occurred at his house, and of his wife seeing Kirbie's pickup with the four men, and Woody and Rios went to the Kirbie home to investigate. Just a short while before talking with Rios, Woody had passed the Kirbie place, and had seen four "subjects" in the yard, but since he did not know the Kirbies were absent, he did nothing about it. These were not further identified by Woody. As Woody and Henry Rios got to the Kirbie home, about twenty to thirty minutes after the pickup had been

seen leaving, they found the back glass door of the house broken, blood throughout the house, and the tractor lights turned on. The pickup was missing.

Rudy Rios, on returning to his home, found that someone had run into his pickup. Rudy testified his wife told him that appellant had done this, and was about to do so again when she stopped him. He later argued with appellant about paying damages, and appellant "got mad." The Kirbie pickup was found by officers about a quarter of a mile east of Rudy's house where it had been left by its occupants. The appellant and his three companions were arrested later that evening in the '66 Dodge which they had previously left at Rudy Rios' house. They were "caught" by the sheriff at a point on the road about three quarters of a mile from where the pickup was found. A .22 pistol was found on the back seat of the car, and five "Federal twelve gauge shotgun shells, No. 4 shot" were found in appellant's pockets. One of appellant's fingers had a fresh cut.

A. S. Kirbie testified that when he returned home about 7:00 P.M. on Sunday, May 28, 1972, his home had been broken into, blood and broken glass were scattered throughout the house, and a small amount of money had been stolen. The lights of his tractor had been turned on. His pickup was missing. Five Federal twelve guage shotgun shells, similar to those found in appellant's pockets, had been taken from the pickup. No consent had been given by him for the entry of his home or the taking of the pickup.

The sole issue on this appeal is whether the trial court abused his discretion in revoking the probation. Barnes v. State, Tex.Cr.App., 467 S.W.2d 437; Branch v. State, Tex.Cr.App., 465 S.W.2d 160; Hood v. State, Tex.Cr.App., 458 S.W.2d 662.

Considering the evidence, we find no abuse of discretion in the findings and rulings of the trial court.

No motion for rehearing will be entertained or filed with the clerk without leave of the court first being obtained after good cause has been shown.

The judgment is affirmed.

Opinion approved by the Court.