Stephen Lewis LOMBARDO [1], Appellant,

v.

The STATE of Texas, Appellee.

No. 46656.

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

Rehearing Denied Feb. 6, 1974.

[1]. At the end of the State's case in chief the Judge made inquiry and determined that the appellant's middle name was Lewis instead of Charles, but no further action was taken to correct the record to reflect appellant's true name. All the records reaching us bear the middle name of Charles.

Paul W. Jones, Jr., (On appeal only), Austin, for appellant.

Robert O. Smith, Dist. Atty. and Charles D. Craig, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

In a separate trial the appellant was convicted as a principal by a jury for the offense of assault with intent to murder a peace officer with the court assessing punishment at forty-five (45) years in the Texas Department of Corrections.

In his first ground of error appellant challenges the sufficiency of the evidence to show that co-principal Stephen Mann had knowledge that Bob Boatright was a police officer when Mann shot him with a pistol.

The record reflects that at approximately 1 a. m. on June 22, 1971, Austin police officers Joe Park, Bob Boatright and other police officers arrived at 5402 Jeff Davis, Apartment # 102 located in Austin to execute a narcotic search warrant. Upon reaching the front door of the premises, Park inserted a key into the door, knocked and identified himself as a police officer with a search warrant. While sliding the glass door open, Charles Lung, who knew Sergeant Park, forced the door shut. Immediately thereafter, the officers heard the occupants scrambling through the apartment, whereupon Park and Boatright broke the glass and opened the door while simultaneously announcing their identity. As Boatright was leading the others into the apartment, he fell to the floor with a gunshot wound in the leg.

After two shotgun blasts were fired into the apartment by the officers, the occupants, led by appellant, crawled from the house at the officers' instructions and surrendered.

A search of the premises was conducted which uncovered, among other things, amphetamines, hypodermic syringes, two sawed-off shotguns, two .45 calibre automatic pistols, one .25 calibre pistol, one .38 calibre pistol and various knives and bayonets.[2]

Appellant argues that since the State failed to call Mann as a witness to elicit whether he actually knew that Boatright was a police officer, the inference of knowledge created from the testimony of police officers cannot be justified in light of the conflicting testimony given by Patricia Barahona and Deberah Forquer.

The jury, as sole trier of the facts, resolved the issue against the appellant in exercising their function to accept or reject any or all the testimony and the weight to be given their testimony. Wells v. State, 447 S.W.2d 939 (Tex.Cr. App.1969). Even so, the evidence is clearly sufficient to form a reasonable basis for the jury finding that Stephen Mann could hear and see the police officers and therefore knew that Boatright was a police officer at the time he fired the shot wounding the officer. See 23 Tex.Jur.2d, Evidence, Secs. 724 and 725.

Appellant's second ground of error complains of the evidence being insufficient to show that he was a principal to the offense charged.

The evidence is undisputed that in addition to supplying Mann with his firearms the twenty-nine year old appellant also instructed his seventeen year old companion in the use of such weapons. Further, the appellant advised and agreed with Mann that if anyone, including the police, tried to take their narcotics, they would shoot them. The record further reflects that a few days before the search warrant was executed the appellant stated that he was expecting the police, and if they came, he and Mann were going to "shoot it out with them."

Appellant argues that since he was physically and mentally incapable of aiding in the commission of the instant offense due

---

2. An inspection of all the firearms found scattered throughout the premises revealed that they were fully loaded with a cartridge in the chamber.

to a drug overdose, his mere presence cannot justify his conviction as a principal under Articles 65 and 69, Vernon's Ann.P.C.

Although the appellant was earlier in the evening rendered unconscious, other testimony proved he was conscious at the critical time when the officers were executing the search warrant.

■ Mere presence at the scene of an offense is not sufficient to make one a principal. Presence, however, is a circumstance tending to prove that a person is a principal, which when taken with other facts may be sufficient to show that he was a participant. See and compare Vela v. State, 491 S.W.2d 435 (Tex.Cr.App. 1973); Torres v. State, 491 S.W.2d 126 (Tex.Cr.App.1973); Locke v. State, 484 S.W.2d 918 (Tex.Cr.App.1972); Childress v. State, 465 S.W.2d 947 (Tex.Cr.App. 1971).

■ Still further, under Article 69, supra, one is a principal who after agreeing to the commission of the offense is present when it is committed regardless of whether he aided in the illegal act. See Middleton v. State, 86 Tex.Cr.R. 307, 217 S.W. 1046 (1919); Rowan v. State, 97 Tex.Cr.R. 130, 260 S.W. 591 (1924); Durham v. State, 112 Tex.Cr.R. 395, 16 S.W.2d 1092 (1929); Brown v. State, 146 Tex.Cr.R. 602, 177 S. W.2d 64 (1943); Lopez v. State, 170 Tex. Cr.R. 208, 339 S.W.2d 906 (1960).

■ The evidence is clearly sufficient to support appellant's conviction as a principal.

■ Next, appellant contends the court erred in refusing his requested charge on abandonment and withdrawal from the agreement to commit the offense charged. Appellant points to the testimony of Patricia Barahona that on the night in question prior to the arrival of the officers he had arrived at the apartment and told co-defendant Mann to put the gun Mann was holding away and evidence that thereafter he took "speed," rendering himself uncon-

scious. Actually, Barahona's testimony shows appellant instructed Mann to put the gun up because there were "other kids there" at the time and he didn't want any trouble because "kids" would not know "what to think of all the guns there." The testimony relied upon does not support the requested charge.

The court did not err in refusing the instruction.

In his next ground of error appellant complains the court erred in admitting the marihuana, amphetamines and drug related paraphernalia as evidence of extraneous offenses.

■ The circumstances which justified the admission of evidence of extraneous offenses are as varied as the factual context of the cases in which the admissibility of such evidence arises. Each case must be determined on its own merits.

■ In the instant case the appellant, Stephen Mann and Patricia Barahona were all making their livelihood by selling drugs. Both appellant and Mann were also extremely wary of the police and robbers breaking in to steal their narcotics.

In 4 Branch's Ann.P.C., 2d ed., Sec. 2255, p. 618, it is written that "[W]here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper." See also 23 Tex.Jur.2d, Sec. 196, p. 302; Smallwood v. State, 464 S.W.2d 846 (Tex. Cr.App.1971); Taylor v. State, 420 S.W.2d 601 (Tex.Cr.App.1967).

Appellant's ground of error is overruled.

■ Appellant next complains of the prosecutor's closing argument implying damaging and prejudicial facts not heard by the jury.

The argument to which appellant refers is set forth below:

"I would be glad to show you pictures of the other children that this man,

twenty-nine years old, had in that apartment. We can't admit that over the objection of the Defendant. If he wants to do it, he can admit it."

While we cannot condone the type of argument which implies facts that are not in the record, no objection was made and there was no request that the jury be instructed to disregard the prosecutor's argument. Absent any objection at the time of such argument, the error complained of is not preserved for review. Joines v. State, 482 S.W.2d 205 (Tex.Cr.App.1972); Schreiner v. State, 478 S.W.2d 460 (Tex. Cr.App.1972). See and compare Blassingame v. State, 477 S.W.2d 600 (Tex.Cr. App.1972); Linzy v. State, 478 S.W.2d 950 (Tex.Cr.App.1972).

■ In another ground of error on inflammatory and prejudicial jury argument by the prosecutor, the appellant combines at least four examples of improper argument. The same does not comply with the provisions of Article 40.09, Sec. 9, Vernon's Ann.C.C.P., and nothing is presented for review. See Fuller v. State, 501 S.W. 2d 112 (Tex.Cr.App.1973), and Goad v. State, 464 S.W.2d 129 (Tex.Cr.App.1971). Further, appellant candidly acknowledges that no objection was made to any of the complained of arguments, and we perceive no fundamental error.

Appellant lastly contends that the forty-five (45) year sentence assessed constitutes cruel and unusual punishment in violation of "equal protection and denial of a right to a fair and impartial trial."

The appellant argues that since the co-defendant Mann pled guilty to the same offense and was assessed a ten (10) year sentence, the court abused its discretion beyond the bounds of reason in pronouncing a sentence not commensurate with the facts of the case.

■ First, we fail to find where this record reflects what punishment was assessed the co-defendant. Next, as in Sonderup v. State, 418 S.W.2d 807, 809 (Tex. Cr.App.1967), where a similar contention was raised, we note that lack of uniformity of punishment assessed against co-defendants did not in and of itself reflect reversible error, and the punishment assessed *Sonderup* was within the range of penalties prescribed by the Legislature for the offense involved.

In Samuel v. State, 477 S.W.2d 611 (Tex.Cr.App.1972), this court wrote:

"We recognize the language in many of these cases indicates that this court has the power to review the question of whether the punishment assessed in a particular case is excessive. Nevertheless, this court has frequently stated that where the punishment assessed by the judge or jury was within the limits prescribed by the statute the punishment is not cruel and unusual within the constitutional prohibition." See Lambright v. State, 167 Tex.Cr.R. 96, 318 S.W.2d 653 (1958); Darden v. State, 430 S.W. 2d 494, 496 (Tex.Cr.App.1968) and cases there cited.

■ We do not find a constitutional violation here involved nor consider under the circumstances presented that the sentence was excessive.

Appellant's last ground of error is overruled.

The judgment is affirmed.