**Harry BARRON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54285.**

Court of Criminal Appeals of Texas, Panel No. 1.

June 7, 1978.

Rehearing en banc Denied June 28, 1978.

John R. McFall and Jack R. Chappell, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., and Warren G. Tabor, Jr., Asst. Dist. Atty., Lubbock, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

Harry Barron, Jr., appeals from his conviction for the offense of murder. Punishment was assessed by the jury at thirty years.

He contends that the evidence is insufficient to sustain his conviction, either as the actual perpetrator of the offense or as a party, and that the court erred in submitting a charge to the jury on the law of parties inasmuch as such a charge allowed the jury to convict appellant upon a theory unsupported by the evidence.

On the morning of February 8, 1975, the body of Henry Guzman was found by Lubbock County Sheriff's officers on a farm-to-market road in Lubbock County. Dr. Adolph Orina, who performed the autopsy on the body of Guzman, testified that the deceased had suffered multiple gunshot wounds. Death was caused by massive bleeding resulting from the entry of a bullet into the heart.

On February 7, 1975, the deceased returned home from work, ate and went out to purchase a car which he brought home later in the evening. The deceased took a shower and went outside his home at approximately 9:30 p. m. to inspect the new automobile. At that time appellant, Joe David Pina and Guadalupe Pina drove by

and asked the deceased if he wanted to accompany them to the county line to drink beer. Guzman agreed. No arguments took place and no harsh words were uttered.

Falecia Florez testified that on February 7, 1975, she operated a beer and pool hall outside the Lubbock city limits. On that night, at approximately 10:00 p. m., she saw the deceased and three other men come into her establishment. She knew one of the deceased's companions to be the appellant, Harry Barron.

The State's chief witness, Guadalupe Pina, testified that he saw the appellant and his brother Joe David Pina, at a parking lot while he was on a date; that he separated from his girlfriend and joined his brother and appellant; and that he got into his brother's red and white Ford convertible and, at appellant's direction, drove to the home of Henry Guzman.

After picking up the deceased, Pina drove the group to Falecia Florez' beer hall where they remained until after midnight. Pina further stated that after leaving Florez' he continued to drive his brother's Ford along various country roads outside Lubbock. During this period the deceased and appellant engaged in friendly conversation about a car they had planned to fix. After driving for approximately an hour, Pina stopped the car. At this time appellant occupied the front passenger seat and Joe David Pina and the deceased occupied the rear seat. Guadalupe Pina remained in the driver's seat. Appellant opened the right car door and the deceased and Joe David Pina got out of the vehicle. Pina testified that he heard mumbling, followed by four gunshots in quick succession. Appellant and Joe David Pina got back into the car but did not appear to be in a hurry. The deceased did not return. A trail of blood was discovered leading from where the car was parked approximately fifteen feet to the spot where his body was found.

Following the murder, Guadalupe Pina drove appellant and Joe David Pina back to town; he did not ask what had happened in the darkness. On the way back to Lubbock nothing was said among the men. Appellant appeared perfectly calm and unagitated. Pina was on parole from a life sentence for a murder conviction. Apparently he was attempting to prevent a revocation of his parole and at the same time not incriminate appellant and Joe David Pina any more than he felt compelled to do. It is highly probable that he knew more than he revealed to the jury.

The evidence, when construed in a light most favorable to the State, is sufficient to support appellant's conviction as a party to the offense. There being no direct evidence of appellant's guilt, his conviction is founded upon circumstantial evidence. Such a conviction may be sustained if the circumstances exclude every other reasonable hypothesis except that of the guilt of the accused. *Stogsdill v. State*, 552 S.W.2d 481 (Tex.Cr.App.1977); *Dixon v. State*, 541 S.W.2d 437 (Tex.Cr.App.1976); *Easley v. State*, 529 S.W.2d 522 (Tex.Cr.App.1975); *Culmore v. State*, 447 S.W.2d 915 (Tex.Cr. App.1969); *Ysasaga v. State*, 444 S.W.2d 305 (Tex.Cr.App.1969); *Freels v. State*, 151 Tex.Cr.R. 589, 210 S.W.2d 582 (1948).

A defendant is guilty as a party where he is physically present at the commission of the offense and encourages the commission of the offense either by words or other agreement. *Baldridge v. State*, 543 S.W.2d 639 (Tex.Cr.App.1976); *Suff v. State*, 531 S.W.2d 814 (Tex.Cr.App.1976); *Bush v. State*, 506 S.W.2d 603 (Tex.Cr.App. 1974). The jury could have found appellant guilty as a party whether he aided in the actual commission of the offense or not. *Ex parte Prior*, 540 S.W.2d 723 (Tex.Cr. App.1976); *Bush v. State*, supra, citing *Middleton v. State*, 86 Tex.Cr.R. 307, 217 S.W. 1046 (1920); *Lombardo v. State*, 503 S.W.2d 780 (Tex.Cr.App.1974). Moreover, it was permissible for the jury, in determining whether appellant participated as a party, to look to events occurring before, during and after the commission of the offense as well as to actions of the parties which show an understanding and common design to murder the deceased. *Ex parte Prior*, supra; *Holloway v. State*, 525 S.W.2d 165 (Tex.Cr.App.1975); *Bush v. State*, supra.

The evidence adduced by the State essentially shows that appellant was in the company of the deceased in the evening and early morning hours preceding his death; that the deceased was picked up at his home at appellant's direction; and that without having to be verbally told to do so, Guadalupe Pina stopped the car on the shoulder of a country road whereupon appellant silently got out of the car and Joe David Pina methodically followed. Appellant and Pina occupied seats which blocked the deceased's ingress and egress from the car; by exiting the car simultaneously they were able to force the deceased out of the vehicle. Mumbling was heard followed by gunshots, whereupon appellant and Pina immediately returned to the car but the deceased did not. Finally, the record reflects that throughout this entire violent transaction and the return to Lubbock after the murder appellant and the Pina brothers remained totally calm, unagitated and silent.

■ The evidence excludes every other hypothesis except that the deceased was murdered by either the appellant or Joe David Pina. It is, moreover, conceded that appellant was present at the commission of the offense. This is in itself a circumstance which tends to prove that one is a party. *Coronado v. State*, 508 S.W.2d 373 (Tex.Cr.App.1974). The only question for this Court is whether, presuming that Joe David Pina fired the shots that actually killed the deceased, sufficient evidence existed from which the jury could conclude that appellant aided, abetted, or encouraged the commission of the offense.

Each of the crucial events leading up to and following the murder allegedly occurred in total silence, yet the actions of both appellant and Joe David Pina appear to have been remarkably well-coordinated. It was reasonable for the jury to conclude that such smoothly synchronized transactions could not have occurred in the absence of an understanding and prior agreement by appellant to encourage or abet and thereby facilitate Joe David Pina's commission of the offense. These circumstances, taken with the fact that it was at appellant's instigation that the deceased was picked up and taken drinking, and the fact that he was present at the offense, are sufficient to support appellant's conviction as a party. *Torres v. State*, 491 S.W.2d 126 (Tex.Cr.App.1973); *Childress v. State*, 465 S.W.2d 947 (Tex.Cr.App.1971); *Locke v. State*, 484 S.W.2d 918 (Tex.Cr.App.1972). See and compare, *Flores v. State*, 491 S.W.2d 144 (Tex.Cr.App.1973); *Gonzales v. State*, 171 Tex.Cr.R. 373, 350 S.W.2d 553 (1961); *Allen v. State*, 150 Tex.Cr.R. 283, 200 S.W.2d 1021 (1947).

He next contends that it was error for the court to instruct the jury on the law of parties. Appellant reasons that since there was no evidence that Joe David Pina actually shot the deceased there was likewise no evidence upon which the jury could have concluded that appellant aided, abetted or encouraged Pina's commission of the offense as a party.

■ We disagree with the contention that no evidence existed which implicated Joe David Pina in the offense. On the contrary, the evidence conclusively established that either Joe David Pina or appellant or both defendants shot the deceased. If, as he asserts, appellant did not fire the fatal shots, such shots could only have been fired by Joe David Pina. It would have been to appellant's advantage for the jury to presume that Pina was the one who actually perpetrated the offense. The issue was thus raised that the conduct of the appellant was not sufficient in and of itself to sustain a conviction but was, instead, dependent upon the conduct of another. Under such circumstances, the law of parties should be submitted. *McCuin v. State*, 505 S.W.2d 827 (Tex.Cr.App.1974).

No error is shown. The judgment is affirmed.