Allen SHEPPARD a/k/a Alvin Sheppard, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-81-271-CR.

Court of Appeals of Texas, Corpus Christi.

June 24, 1982.

Robert A. Heath, Frank Follis, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

Appellant was convicted by a jury of attempted capital murder. See Tex.Penal Code Ann. §§ 15.01, 19.03(a)(1) (Vernon 1974). The trial court found that appellant had previously been convicted of a felony offense. The court assessed punishment at forty-five years in the Texas Department of Corrections.

By his only ground of error, appellant complains that the evidence is insufficient to support the jury's verdict.

■ The State's case was presented, and the jury instructed, on the theories of circumstantial evidence and participation as a party. When the State relies for conviction on circumstantial evidence, the evidence must exclude, to a moral certainty, every reasonable hypothesis other than defendant's guilt. *Sewell v. State*, 578 S.W.2d 131 (Tex.Cr.App.1979). A person is guilty as a party to an offense where he is physically present at the commission of the offense and encourages the commission by words or other agreement. Tex.Penal Code Ann. § 7.02 (Vernon 1974); *Barron v. State*, 566 S.W.2d 929 (Tex.Cr.App.1978). In all cases where the sufficiency of the evidence is challenged, the reviewing court is compelled to view the evidence in the light most favorable to the jury's verdict. *Bowers v. State*, 570 S.W.2d 929 (Tex.Cr.App.1978).

According to the evidence, on the night of May 12, 1979, Sergeant D. S. Puckett of the South Houston Police Department was riding in a patrol car driven by Officer James Gardner when the two were dispatched to a burglary in progress and given the description of an automobile believed to be involved in the crime. While en route to the scene of the burglary, the officers spotted the described automobile and immediately attempted to stop it.

When the driver failed to respond to the patrol car's lights and subsequent siren, a chase ensued. During the pursuit, several shots were fired from the suspect automobile in the direction of Sergeant Puckett. At least five bullet holes were later found in the patrol car.

There were five persons in the suspect vehicle, including the driver. Appellant was one of three passengers in the rear seat. He was convicted of attempting to kill a peace officer acting in the lawful discharge of an official duty, who appellant knew was a peace officer.

Appellant here charges that the State failed to prove beyond a reasonable doubt that the appellant fired the shots at Sergeant Puckett. Appellant also contends the evidence was insufficient to show he was guilty as a party.

Puckett testified that appellant was clearly distinguishable from the other passengers because he was wearing a white cap. Such a cap was recovered from the subject automobile after the incident. Puckett identified the appellant as the passenger who pointed a chrome-plated revolver at him from the back seat of the fleeing auto just seconds before the first shots hit Puckett's patrol car. Puckett stated that appellant was seated directly behind the driver. During the chase, both Puckett and an officer stationed at a roadblock observed shots fired from the subject car's left rear window.

The evidence reflects that, when the suspect vehicle finally stopped, appellant was the only occupant to flee the scene on foot. One of the three pistols recovered that night was found away from the auto direct-

ly in the path of appellant's escape, leading to the logical inference that appellant was armed when he fled.

The evidence of appellant's actions, when viewed from the entire record, including the events which led to appellant's arrest, is sufficient to support the jury's verdict on either theory: that appellant was a direct participant or a party criminally responsible for the acts of another.

The judgment of the trial court is affirmed.