**Eddie Matthews HARPER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–82–876CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 19, 1984.

Discretionary Review Refused
June 13, 1984.

George Karam, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant waived a jury trial and pled not guilty. The court found him guilty of robbery and assessed punishment at life imprisonment in the Texas Department of Corrections as a habitual offender. We reverse.

On September 4, 1982, at about 5:10 a.m., two men picked up complainant Willamae Manigault at her bus stop, promising to help her catch her bus. The driver, however, passed the bus and parked the car at the end of a dead end street. One of the men, the passenger, got into the back seat and began slapping and choking complainant. The driver took her purse from her and placed it on the front seat. The driver later took complainant's watch off her wrist, put it in his pocket and remained in the front seat. While the passenger was raping complainant, appellant approached the car on the driver's side and asked what was going on. The driver replied "Come on and join the party." Appellant put his head through the window and observed what was going on. He then walked around to the other side of the car, reached inside, took the purse and ran. The driver exclaimed "Hey man, he took the purse!" and then pursued the appellant with knife in hand. The police later arrived and after arresting the passenger and driver, they searched for appellant whom they found hiding in an abandoned house. When the officer ordered him to freeze, appellant responded by saying "I didn't rape nobody. I don't know nothing about a purse snatching." The appellant had ninety dollars in his hand: a fifty, a twenty, and two tens. Complainant informed the police that she had exactly that amount and in those denominations. Subsequently, appellant explained to the police that he had taken the purse in the hopes of getting the attackers to chase him, thereby freeing the victim. He said he took the money to keep the attackers from getting it. He then took the police to the abandoned building where he had hidden the purse. Appellant was not charged with raping the complainant as were the other two men.

In two grounds of error, appellant contends the trial court erred in finding him guilty of robbery. In the first, appellant contends the trial court erred in adjudging him guilty of robbery because there was insufficient evidence to support the allegation that he, with the requisite mens rea, "... threatened and placed the complainant in fear of imminent bodily injury and death." In his second ground of error, appellant contends the trial court erred in finding him guilty of robbery because there was insufficient evidence to support the allegation that the appellant was "... in the course of committing theft of property owned by the complainant with the intent to obtain and maintain control of the property."

▆▆ Appellant was indicted and convicted of the offense of robbery. Robbery, as defined in Texas Penal Code Ann. § 29.02(a)(2) (Vernon 1974), occurs when:

(a) person ... in the course of committing theft ... and with intent to obtain or maintain control of the property ... intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

The statute requires that appellant commit both the theft element and the "intentionally or knowingly threatening or placing another in fear of imminent bodily injury or death" element in order to be found guilty of robbery. We hold the evidence insufficient to support appellant's conviction for robbery based solely on his conduct.

Given the inadequacy of appellant's conduct standing alone, the state had to utilize the criminal responsibility statute in order to impute the second element of the offense "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death" to appellant. Texas Penal Code Ann. § 7.02(a)(2) (Vernon 1974) provides:

A person is criminally responsible for an offense committed by the conduct of another if ... acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense ...;

In its brief the state says: "Her purse was on the front seat while she was in the back seat, physically restrained and screaming for help. From this evidence it is reasonable to infer that appellant was aware that a robbery, as well as a rape, was in progress." While we seriously question the state's apparent position that appellant arrived at the scene during an ongoing robbery, and was conscious of this fact, we fail to see how labeling the scenario as such, brings appellant's actions within the reach of the above statutes.

There is no evidence to suggest the parties had an agreement either previous or contemporaneous to the event, to commit the offense of robbery. In an apparent attempt to read into our fact scenario the statutorily required elements of the offense: soliciting, encouraging, directing, aiding, or attempting to aid the other person(s) to commit the offense, the state makes bold inferences and leaps in logic which we are not prepared to make. Again quoting from the state's brief:

The evidence clearly shows that the appellant was invited to join in the victimization of Ms. Manigault when he was invited to "join the party." His act of taking the purse was an implicit acceptance of that offer. There was therefore "... an implicit agreement to commit the offense [of robbery] formulated contemporaneous with the offense." ... The invitation to "join the party" also evidenced a spirit of camaraderie among the men. It is therefore reasonable to infer that the appellant's actions prior to taking the purse were heartening or encouraging to the others. Furthermore, the appellant's act of taking the purse clearly furthered, advanced and facilitated the robbery.

We cannot accept the above arguments and conclusory statements.

The record is devoid of any evidence that the appellant knew the two other men or that he knew the complainant had been robbed of her purse by them, before he arrived on the scene. Therefore, appellant could not have acted as a party to the offense when he had no knowledge that a robbery had been or was being committed.

As to those situations in which one may be guilty as principal when actually present, the very least that is required is, in addition to physical presence, encouragement by words or agreement to the commission of the offense. Such agreement must be prior to or contemporaneous with the criminal event.

*Suff v. State,* 531 S.W.2d 814, 817 (Tex. Crim.App.1976). The record clearly shows that appellant was not present during the robbery, nor did he know, nor was he told at the time he arrived, that a robbery had been committed.

■ The record shows that appellant committed an independent, self-serving offense of theft when he took the purse. Complainant testified that after appellant took the purse: "[t]he driver of the car took a knife. He told the other guy—the one who was raping me—he said, 'Say, man, he got the purse.' Then he took out after him." If anything, appellant's actions disrupted the others' activities. Appellant did nothing to encourage, direct, or aid the other persons to commit *the offense.* The question presented is whether an individual who commits one element of a two element offense may nevertheless be found guilty of the offense based on the performance of the second element by independent third party actors. We hold the evidence insufficient to support appellant's conviction since the requisite elements under the criminal responsibility statute were not met.

We feel our decision to be in harmony with the three cases whose facts appear as close to ours as any case we could locate. In *Murphy v. State,* 653 S.W.2d 567, 573 (Tex.App.—San Antonio 1983, no pet.) ap-

pellant was found guilty of aggravated sexual abuse. On appeal, appellant did not dispute the fact that he committed oral sodomy. Appellant argued that:

> There was no direct threat by him towards complainant and no proof that appellant was criminally responsible for the conduct of any other inmate. According to appellant, although other persons may have aided him in the commission of an offense, he is not criminally responsible for the instant sexual abuse of complainant because he neither aided nor assisted any other inmate in the commission of the offense charged.

The court rejected this argument and sustained appellant's conviction based on Section 7.02(a)(2) with the following language:

> The record shows that appellant was a member of a group of inmates whose actions constituted an ongoing threat to complainant. Two members, Wilhite and Bloodsworth, communicated the actual requisite threats to complainant. After Wilhite and Bloodsworth forced complainant to commit acts of deviate sexual intercourse, appellant proceeded to engage in deviate sexual intercourse with complainant. The evidence was sufficient to show that appellant provided the means of committing the act of "deviate sexual intercourse" while Wilhite and Bloodsworth provided the requisite threats. Appellant clearly aided in the commission of the offense, and was thus culpable. The record supports the jury's apparent finding that appellant was criminally responsible for the threats communicated by the other inmates.

In *Porter v. State*, 634 S.W.2d 846, 849–850 (Tex.Crim.App.1982) the Court of Criminal Appeals reversed a conviction which had been based on circumstantial evidence. In applying 7.02(a)(2) to the facts, the court remarked:

> A defendant is guilty as a party to an offense when he is physically present at the commission of the offense and encourages the commission of the offense either by words or other agreement. In determining whether one participated as a party in committing an offense, the fact finder may look to events occurring before, during and after the offense and reliance may be placed on actions which show an understanding and common design to do a certain act. However, mere presence alone will not be sufficient to show a defendant's guilt as a party to an offense.

> .   .   .   .   .

> We find the evidence insufficient to support the appellant's conviction. The State did not present direct evidence which proved that appellant was a party to the burglary or subsequent murder of Stout. We conclude that the circumstantial evidence presented by the State did not exclude every reasonable hypothesis except that of appellant acting with the intent to promote or assist in the commission of the burglary and murder, solicited, encouraged, directed, aided or attempted to aid Felder in the commission of the offense. While appellant's presence and actions toward Stout raises a suspicion, such proof alone is insufficient to support her conviction. (citations omitted.)

In another circumstantial evidence case the Court of Criminal Appeals found the evidence sufficient to sustain appellant's conviction under the law of parties.

> A defendant is guilty as a party where he is physically present at the commission of the offense and encourages the commission of the offense either by words or other agreement .... Moreover, it was permissible for the jury, in determining whether appellant participated as a party, to look to events occurring before, during and after the commission of the offense as well as to actions of the parties which show an understanding and common design to murder the deceased....

> The only question for this Court is whether, presuming that Joe David Pina fired the shots that actually killed the deceased, sufficient evidence existed from which the jury could conclude that

appellant aided, abetted, or encouraged the commission of the offense.

Each of the crucial events leading up to and following the murder allegedly occurred in total silence, yet the actions of both appellant and Joe David Pina appear to have been remarkably well-coordinated. It was reasonable for the jury to conclude that such smoothly synchronized transactions could not have occurred in the absence of an understanding and prior agreement by appellant to encourage or abet and thereby facilitate Joe David Pina's commission of the offense. These circumstances, taken with the fact that it was at appellant's instigation that the deceased was picked up and taken drinking, and the fact that he was present at the offense, are sufficient to support appellant's conviction as a party. (citations omitted).

*Barron v. State,* 566 S.W.2d 929, 931–932 (Tex.Crim.App.1978).

From a close reading of these and other cases we believe it evident that courts do attach meaning to the words used in a statute upon which an appellant's conviction rests. Because appellant's conviction is based on two clearly worded statutes we refuse to base our holding on any other ground than the fact that there is insufficient evidence to support appellant's conviction under the statutes relied on by the state: Texas Penal Code Ann. § 29.02(a)(2) (Vernon 1974) & § 7.02(a)(2) (Vernon 1974).

Since we find that there was insufficient evidence to support his conviction, appellant must therefore be acquitted. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

Since acquittal is required, consideration of appellant's other ground of error is unnecessary.

The judgment of the trial court is reversed, and the cause is remanded to the trial court with directions to enter an order of acquittal in accordance with this decision.

PAUL PRESSLER, Justice, dissenting.

I dissent. To determine whether or not appellant was actually a party to the commission of the offense of robbery, the court should look to TEX.PENAL CODE ANN. § 7.01(a) and (b) (Vernon Supp.1983) which states:

(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

(b) Each party to an offense may be charged with commission of the offense.

Section 7.02 then provides the standards for determining this vicarious responsibility. TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon Supp.1983) states:

(a) A person is criminally responsible for an offense committed by the conduct of another if:

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. . . .

To be guilty of an offense when actually present at the time of the commission, the accused must encourage the offense by words or agreement to its commission. Such agreement must be prior to or contemporaneous with the criminal event. *Suff v. State,* 531 S.W.2d 814 (Tex.Crim. App.1976). Circumstantial evidence may be sufficient to show that one is a party to a crime. The court may look to events before, during, and after the commission of the offense. *Morrison v. State,* 608 S.W.2d 233, 234 (Tex.Crim.App.1980); *Wygal v. State,* 555 S.W.2d 465 (Tex.Crim. App.1977).

In applying this standard to the case before us, the evidence clearly supports the fact that appellant's behavior both during and after the robbery evidences that he did "aid" and "promote" the robbery of complainant's property. Appellant was not present when the robbery commenced. However, he did come upon the robbery in progress; he observed the attack on com-

plainant and her cries for help; he observed her purse ·on the front seat, and seizing the opportunity, he took her property while she was being held "in fear of imminent bodily injury or death." There is no evidence of a prior conspiracy between the three men to commit robbery. However, appellant grabbed the purse while the owner was being restrained and placed in fear of injury or death. He thus participated in the event. This participation was itself an agreement "to commit the offense" which "was formulated contemporaneously with the offense." *Curtis v. State,* 573 S.W.2d 219 (Tex.Crim.App.1978); *Suff v. State, supra.* The absence of words evidencing agreement between appellant and the other two males is of no consequence. *Barron v. State,* 566 S.W.2d 929 (Tex.Crim.App.1978); *Curtis, supra.* The commission of the offense had not been completed when appellant stole the purse. The owner of the property was being attacked by the robbers when the purse was taken. The purse was as close to the complainant as it was to the two men who were attacking her and it was not under the control of anyone. Appellant's grabbing the purse was just another act in the on-going process of robbery. The fact that appellant never personally placed complainant in fear of bodily harm or death does not negate his responsibility for the robbery. TEX.PENAL CODE ANN. § 7.01(a) (Vernon Supp.1983).

Appellant's behavior following the robbery further evidences his intent to participate in the robbery. He was found hiding from the police in an abandoned building; he claimed ownership of the money which he held in his hand; and he denied any knowledge of the rape or robbery. Subsequently, he led the police to the purse which he had hidden. Clearly the evidence was sufficient to hold appellant responsible as a party to the robbery. Appellant's two grounds of error should be overruled.

Judgment of the trial court should be affirmed.