Robertson III v. State 















IN THE
TENTH COURT OF APPEALS
 

NO. 10-92-110-CR

        GEORGE BENNETT ROBERTSON, III,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

 From the 174th District Court
Harris County, Texas
Trial Court # 617,235
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          This is an appeal by Appellant Robertson from his convictions for aggravated robbery
(enhanced by two prior felony convictions) for which he was assessed life imprisonment; and his
appeal from his conviction for unauthorized use of a motor vehicle (enhanced by two prior felony
convictions) for which he was assessed 35 years imprisonment. There was one indictment
containing two counts, and both counts were tried together.
          On April 24, 1991, Angeline Paulin, the complainant, and her son Terry went to a Wal-Mart store to purchase film. As they were walking down an aisle of the parking lot, a car
approached them from behind and struck Mrs. Paulin, causing her to fall. Immediately after she
was struck, an arm reached out of the passenger side of the car and snatched her purse. An
ambulance carried Mrs. Paulin to a hospital where it was determined she had a fractured hip.
          At the time Mrs. Paulin was struck, Deputy Sheriff Barber was in the parking lot working
as a security guard. He noticed a blue four-door Mercury with license plate 924-2GS circling the
parking lot. He noticed it because it slowly circled the parking lot three times. Officer Barber
focused his binoculars on the vehicle and saw two while males in the front seat. At trial he
identified Appellant as the driver of the blue Mercury.
          As the suspect's vehicle circled the parking lot for the third time, Officer Barber saw it
speed up as it passed the front of the store and then rush out of the parking lot with the passenger
slumping down in his seat. While Officer Barber did not see what occurred at the front of the
store, the actions of the suspect vehicle caused him to believe some type of disturbance had taken
place. As Officer Barber approached the front of the store he found Mrs. Paulin lying on the
ground. She told him someone had struck her with a car and snatched her purse. After Mrs.
Paulin was taken away, Officer Barber contacted his dispatcher and other police officers arrived
at the scene. Officer Barber gave them a description of the Mercury and its occupants. Officer
King received the license plate number of the suspect vehicle and learned the car belonged to
Appellant's mother, Ruby Robertson. Mrs. Robertson testified that Appellant lived with her and
that she had taken his keys to her car away from him and told him he could not drive it anymore;
that when she returned from work on April 24, the day of the incident, the Mercury was missing. 
Her car was not found until June, and she did not see Appellant again until December.
          As noted, Appellant was convicted for both aggravated robbery and unauthorized use of
a motor vehicle.
          Appellant appeals on two points. Point one asserts the trial court erred in denying
Appellant's motion for a mistrial after the court sustained his objection to the prosecuting
attorney's final argument at the guilt-innocence phase because it was a comment on the failure of
the Appellant to testify.
          During final argument, the prosecutor, attempting to rebut the claim made by Appellant's
counsel that Appellant did not intentionally run into Mrs. Paulin stated:
The only thing that you have heard is the defendant's actions and what has
happened. You've heard no evidence that the defendant didn't intend to do this .
. . .
Appellant's counsel objected that such was a comment on defendant's failure to testify. The trial
court sustained and instructed the jury to disregard. Appellant's counsel then moved for a mistrial
which the trial court denied.
          An instruction to disregard improper argument is generally sufficient to cure the error. 
Anderson v. State, (Tex. Crim. App.) 633 S.W.2d 851, 855. Moreover, from the totality of the
facts in the case, we can say beyond a reasonable doubt that the error, if any, did not contribute
to Appellant's punishment. Tex. R. App. P. 81(b)(2); Mayberry v. State, (Tex. Crim. App.) 532
S.W.2d 80,85. Point one is overruled.
          Point two asserts the evidence was insufficient to sustain Appellant's conviction for
aggravated robbery. In reviewing the sufficiency of the evidence to support a conviction, the
evidence is viewed in the light most favorable to the verdict. Flournoy v. State, (Tex. Crim.
App.) 668 S.W.2d 380, 383. The critical inquiry is whether, after viewing the evidence in the
light most favorable to the verdict, any rational tier of fact could have found the essential elements
of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19.
          Officer Barber, a security guard at a Wal-Mart store, had his attention drawn to a blue
Mercury with license place 924-2GS because it circled the parking lot two times and did not
appear as though the occupants were looking for someone to come out of the store. He looked
through his binoculars at the car and saw two white males inside with Appellant driving. As
Appellant circled the parking lot a third time, Officer Barber noticed the vehicle speed up as it
passed the front of the store and then it sped out of the parking lot with the passenger slumped in
his seat so that it was almost impossible to see him. Officer Barber immediately went to the front
of the store where Mrs. Paulin was lying on the ground. 
          Mrs. Paulin testified that a car struck her and the passenger of the car had stolen her purse. 
The blue Mercury belonged to Appellant's mother and had been taken without her permission. 
The jury was authorized to believe that it was the blue Mercury which struck Mrs. Paulin and that
it was driven by Appellant. Dumas v. State, (Tex. Crim. App.) 680 S.W.2d 549, 553. Moreover,
while flight from the scene of a crime alone will not support a guilty verdict, it is a circumstance
from which guilt may be inferred. Foster v. State, (Tex. Crim. App.) 779 S.W.2d 845, 859.
          Appellant argues that the evidence was insufficient to prove he intentionally hit Mrs. Paulin
and that it is possible he hit her through an act of negligence. A culpable state of mind is almost
always proved by circumstantial evidence. Warren v. State, (Tex. App.—Houston [14th Dist.],
pet. ref'd) 797 S.W.2d 161, 164. The jury was entitled to consider events that occurred before,
during, and after the commission of the offense to determine Appellant's intent. Barron v. State,
(Tex. Crim. App.) 566 S.W.2d 929, 931. If Appellant had struck Mrs. Paulin through
negligence, he would have stopped and rendered aid. The jury was authorized to believe that
Appellant intentionally hit Mrs. Paulin.
          Appellant further argues the evidence is insufficient to prove he knew his passenger was
going to snatch Mrs. Paulin's purse and, consequently, he could not be a party to the offense. 
Circumstantial evidence may be used to prove one is a party to an offense. Beir v. State, (Tex.
Crim. App.) 687 S.W.2d 2, 4. Appellant was present at the scene of the crime. He fled the scene
with his accomplice in the same car. We think the jury was authorized to infer Appellant and his
passenger were engaged in a common design to rob Mrs. Paulin.
          Point two is overruled and the judgment is affirmed.
 
                                                                                 FRANK G. McDONALD
                                                                                 Chief Justice (Retired)

Before Justice Cummings,
          Justice Vance and
          Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 13, 1993
Do not publish